**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Garry David GALLARDO, Defendant–Appellant.**

No. 90–5521

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 19, 1990.

Rehearing Denied Nov. 14, 1990.

Gary David Gallardo, El Reno, Okl., pro se.

LeRoy M. Jahn, Philip Police, Asst. U.S. Attys., Ronald F. Edere, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Garry David Gallardo was convicted of four counts of mailing photographs of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1). He appeals his conviction claiming that his consecutive sentences on counts one, two, and

three of the indictment violated the double jeopardy clause because only a single count was appropriate. Finding no error, we affirm.

## I.

The defendant was indicted on four counts of mailing photographs of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1). At rearraignment, he pleaded guilty to each count and admitted that on March 2, 1987, he had mailed three separate envelopes—the basis of counts one, two, and three—containing a total of 12 photographs. The envelopes were addressed to three different individuals at three different locations. Gallardo also admitted that in January of 1987, he mailed a fourth envelope—the basis of count four—containing one photograph. On July 31, 1987, the district court sentenced Gallardo to consecutive six-year terms of imprisonment on counts one, two, and three, to a ten-year term on the fourth count, and imposed a $200 special assessment. The ten-year term on the fourth count was suspended, and he was placed on probation for five years. Gallardo did not file a direct appeal at that time.[1]

On January 13, 1989, Gallardo filed the instant motion for correction and reduction of his sentence, claiming that the district court violated the double jeopardy clause by sentencing him on three separate counts of mailing photographs of minors engaged in sexually explicit conduct. On April 4, 1989, the magistrate issued his memorandum recommending that Gallardo's request for relief be denied. Gallardo failed to file any objections to the magistrate's report.

On September 15, 1989, the district court accepted the magistrate's memorandum and recommendation and denied relief with respect to Gallardo's January 13, 1989 motion for correction and reduction of sentence. The judgment was entered October 2, 1989. Gallardo did not appeal the district court's denial at that time. On October 16, 1989, Gallardo for first time filed his objections to the magistrate's April 4, 1989 memorandum and recommendation. On January 16, 1990, the district court refused to modify its September 15, 1989 order denying Gallardo relief. Despite the defects in Gallardo's objections to the magistrate's report, the district court made a *de novo* review of Gallardo's untimely objections and then refused to modify its prior judgment. On January 26, 1990, Gallardo filed his notice of appeal.

Although Gallardo did not directly appeal, we treat his appeal from the denial of the postjudgment motion as a timely appeal.[2]

## II.

Gallardo's only contention is that the district court erred in sentencing him to three consecutive six-year terms of imprisonment on three separate counts of mailing photographs of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1). He does not contest his sus-

---

**1.** This case covers crimes committed before the effective date of the United States Sentencing Commission Guidelines, so the sentences imposed are not considered in light of the guidelines.

**2.** Gallardo pleaded his motion as one under former Rule 35(a) of the Federal Rules of Criminal Procedure. An appeal from the denial of this motion must be filed within ten days of entry of the order denying it to be timely. *See* Fed.R.App.P. 4(b). The notice of appeal, filed January 26, 1990, is well beyond the period prescribed by Rule 4(b). A motion for "reconsideration" is timely filed if made within ten days of entry of judgment. *See United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982).

Although Gallardo pleaded his postjudgment motion as "objections" to the magistrate's report, the motion is, in effect, a challenge to the judgment itself because, at the time the objections were prepared and filed, final judgment had already been entered. The objections thus can be liberally construed as a motion for reconsideration as discussed in *Cook*. *See Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972).

The objections were served and filed within ten days of the entry of judgment. The objections, construed as a motion for reconsideration, were timely, and the district court had jurisdiction to conduct full review. *See Cook*, 670 F.2d at 48. The motion for reconsideration was appealed within ten days of its denial, and thus, full appellate review is available.

pended sentence for the fourth count or his $200 special assessment. He asserts that because he mailed all three envelopes containing the photographs at the same time, these acts amount to a single transaction and thus a single offense within the language of the statute. Gallardo also contends that multiple convictions under the same statute violate the double jeopardy and due process clauses; and, because Congress did not express how many convictions should arise from the simultaneous conveyance of three separate envelopes, the rule of lenity should apply.

The language of 18 U.S.C. § 2252(a)(1) reads as follows:

(a) Any person who—

(1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

. . . .

shall be punished. . . .

18 U.S.C. § 2252(a)(1).

Gallardo argues that the phrase "any visual depiction" in this statute is ambiguous as to whether each mailing is a separate offense when more than one envelope containing "any visual depiction . . . of a minor engaging in sexually explicit conduct" is mailed in a simultaneous transaction. This court has not addressed this issue in the context of mailing photographs of minors engaged in sexually explicit conduct. We have, however, addressed a similar issue in the context of the mail fraud statute, 18 U.S.C. § 1341. We held that "[e]ach separate use of the mail in furtherance of [a scheme to defraud] constitutes a separate crime." *United States v. Blankenship*, 746 F.2d 233, 236 (5th Cir.1984). Furthermore, "consecutive sentences may be imposed properly, even if the mailings arose from a single concerted plan to defraud." *United States v. Shaid*, 730 F.2d 225, 230 (5th Cir.), *cert. denied*, 469 U.S. 844, 105 S.Ct. 151, 83 L.Ed.2d 89 (1984).

With respect to the child pornography statute, each separate use of the mail to transport or ship child pornography should constitute a separate crime because it is the act of either *transporting or shipping* that is the central focus of this statute. Gallardo mailed four separate envelopes containing child pornography, thus committing four separate acts of transporting or shipping. The number of photographs in each envelope is irrelevant. In contrast, a defendant arrested with one binder containing numerous photographs has committed only one act of transportation. *See United States v. Meyer*, 602 F.Supp. 1480, 1481–82 (S.D.Cal.1985). Similarly, a single transportation of two women is but one violation of the Mann Act. *See Bell v. United States*, 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910 (1955).

Gallardo's act of placing in the mail four separate letters containing photographs of minors engaged in sexually explicit conduct constitutes four separate violations of 18 U.S.C. § 2252(a)(1); therefore, he was correctly sentenced on four separate counts.

AFFIRMED.