IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-41429
Summary Calendar

BOBBY JAMES CAMMOCK,

Petitioner-Appellant,

versus

BUREAU OF PRISONS; WOODS, Warden,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CV-196
- - - - - - - - - -

February 10, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Within ten days of the entry of the final judgment dismissing the 28 U.S.C. § 2241 petition filed by Bobby James Cammock, federal prisoner #60096-080, Cammock filed a "motion to supplement initial § 2241 habeas corpus petition." The record does not indicate that the district court disposed of the motion.

A motion challenging the correctness of the judgment is treated as a Fed. R. Civ. P. 59 motion for purposes of Fed.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

R. App. P. 4(a)(4)(B)(i), regardless of the label applied to the motion, if it is made within the ten-day limit for Rule 59 motions. Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc). Rule 4(a)(4)(B)(i), Fed. R. App. P., provides that, if a timely motion is made pursuant to Rule 59(e), a notice of appeal filed after entry of the judgment, but before disposition of the motion, is ineffective until the entry of the order disposing of the motion.

Cammock's "motion to supplement" must be treated as a Rule 59(e) motion because the motion was filed within ten days of the entry of the judgment dismissing his § 2241 and arguably challenged the district court's reliance on Venegas v. Henman.[**] See Mangieri, 29 F.3d at 1015 n.5; see United States v. Gallardo, 915 F.2d 149, 150 n.2 (5th Cir. 1990). As the Rule 59(e) motion has not yet been disposed of, Cammock's notice of appeal is ineffective. Accordingly, we must return the record to the district court for the limited purpose of permitting the district court to decide the motion as expeditiously as possible. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).

---

[**] This court in Venegas held that Congress intended to give the BOP discretion to exclude from eligibility for § 3621(e)'s early release incentive violent offenses even if violence was not a specific element of the offense. Venegas v. Henman, 126 F.3d 760, 763 (5th Cir. 1997), cert. denied, 118 S. Ct. 1679 (1998). The Venegas court concluded that the BOP's decision not to include as a nonviolent offense drug convictions where the sentences were enhanced for possession of a dangerous weapon was consistent with the letter and spirit of the BOP's authority in § 3621(e). Id. at 765.

Following entry of the district court's order on Cammock's Rule 59(e) motion, Cammock is directed to file an amended notice of appeal within the prescribed period in Fed. R. App. P. 4(a)(1), designating the orders or judgments from which he wishes to appeal.  See Fed. R. App. P. 4(a)(4)(B)(ii).

REMANDED.