**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-31255

_____

JIMMY E. SIMMONS,

Plaintiff-Appellee,

versus

RELIANCE STANDARD LIFE INSURANCE CO. OF TEXAS, ET
AL.,

Defendants

RELIANCE STANDARD LIFE INSURANCE CO. OF TEXAS,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana

November 12, 2002

Before KING, Chief Judge, and JONES and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

We are asked to review the district court's grant of summary judgment in favor of Jimmy E.

Simmons against Reliance Standard Life Insurance Company. The district court found that Reliance

Standard abused its discretion by declining to award permanent disability benefits to Simmons. We

dismiss the appeal for lack of jurisdiction.

I

The underlying dispute arose in 1996, when Simmons' employer CONDEA required all of its employees to undergo a functional capacity evaluation. CONDEA was aware that Simmons had a long history of back troubles. He had undergone back surgery twice in the 1970s, and, in the late 1980s, had been involved in an automobile accident that aggravated his condition. The evaluation was intended to help CONDEA ascertain whether Simmons' back condition would prevent him from performing certain tasks at the company.

Unfortunately, the functional capacity evaluation, according to Simmons, aggravated his condition. A few days after the evaluation, he complained to his personal physician (Dr. Dale Bernauer) that he was experiencing back pain. Although Simmons continued to work for several more months, the pain in his back eventually became unbearable. He stopped working entirely, and applied for permanent disability benefits.

Reliance Standard, the insurance carrier for CONDEA, denied Simmons' claim. Reliance Standard reasoned that, because of Simmons' long-standing back condition, he did not qualify for disability benefits. The policy covers only those injuries that are "caused directly and independently of all other causes by accidental means." Reliance Standard concluded that Simmons' severe back problems could not have been caused solely by the evaluation and must relate in some way to his previous condition. As a result, it denied the claim.

Subsequently, Simmons filed suit in state court, alleging that Reliance Standard erred in not granting him permanent disability benefits. Reliance Standard timely removed the case to federal court. On August 17, 2001, Reliance Standard filed a motion for summary judgment. On September

-2-

17, 2001, Simmons filed his own motion for summary judgment. The next day, the district court sent the parties a memorandum indicating that it would rule on Simmons' motion for summary judgment on or before October 10, 2001, and indicated to the parties that they should file their responses within fifteen days. Eight days later, however, on September 25, before receiving any response from Reliance Standard, the district court issued an order granting Simmons' motion for summary judgment.

On October 2, 2001, Reliance Standard filed a motion for reconsideration of the order granting summary judgment in favor of Simmons. On October 22, 2001, while that motion was still pending, Reliance Standard filed a notice of appeal to this Court. The district court transmitted the case to this Court without ruling on the motion for reconsideration.

II

First, we must examine whether we have jurisdiction over this appeal. *See, e.g.*, *Chevron USA, Inc. v. Sch. Bd. Vermilion Parish*, 294 F.3d 716, 719 (5th Cir. 2002) (observing that courts of appeals have an obligation to examine the basis for their jurisdiction, *sua sponte* if necessary); *Clark v. Johnson*, 278 F.3d 459, 460 (5th Cir. 2002) (same). This Court can take an appeal only from a final decision of a district court. We must determine whether the district court's summary judgment ruling constitutes a final decision for the purposes of appeal, despite the district court's failure to rule on Reliance Standard's motion for reconsideration.

Reliance Standard filed its motion for reconsideration within the time prescribed by the federal rules. Under Federal Rule of Civil Procedure 59, a party must file a motion to "alter or amend" a judgment within ten days of the entry of that judgment. FED. R. CIV. P. 59(e). The district court issued its order granting summary judgment to Simmons on September 25, 2001. Reliance Standard

-3-

filed its motion for reconsideration on October 2, 2001, seven days after the district court's decision and well within the time constraints of Rule 59.

It is well-established that a timely motion for reconsideration renders the underlying judgment nonfinal until the district court disposes of that post-judgment motion. *United States v. Ibarra*, 502 U.S. 1, 5 (1991) ("'[T]he consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending.'") (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976)); *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (noting the "'well-established rule in civil cases'" that a petition is not final until a motion for reconsideration or rehearing has been ruled on by a district court) (quoting *United States v. Healy*, 376 U.S. 75, 78 (1964)); *see also Wade v. F.C.C.*, 986 F.2d 1433, 1434 (D.C. Cir. 1993) (holding, in the agency context, that a party's "request for agency reconsideration render[s] the underlying action nonfinal"); *Southland Indus. v. F.C.C.*, 99 F.2d 117, 118-19 (D.C. Cir. 1938) (observing, again in the agency context, that "[i]t is familiar law that a decision is not final, within the meaning of the statute providing for an appeal, until disposition of an application for rehearing or reconsideration seasonably made and entertained") (internal quotation marks omitted).

This long-standing rule is reflected in Federal Rule of Appellate Procedure 4(a)(4). Rule 4(a)(4) states that the time to file an appeal does not begin to run until the district court has disposed of certain post judgment motions, including motions for reconsideration. FED. R. APP. P. 4(a)(4)(A);[1] *Lauderdale County Sch. Dist. By and Through Bd. of Educ. v. Enterprise Consol. Sch. Dist. By and*

---

[1] Although the rule refers to motions to "alter or amend" the judgment, *see* FED. R. APP. P. 4(a)(4)(A)(iv), it is "common practice" to refer to Rule 59 motions as "motions for rehearing" or "motions for reconsideration." *Greenwood*, 974 F.2d at 1468 n.14.

*Through Bd. of Educ.*, 24 F.3d 671, 681 (5th Cir. 1994) ("If a party makes a Rule 59(e) motion, the [time period for filing an appeal] starts on the day the district court disposes of the motion."). Any notice of appeal to this Court will not become effective until the district court has disposed of the last post-judgment motion. FED. R. APP. P. 4(a)(4)(B); *see, e.g.*, *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir. 1997) ("[The plaintiff's] notice of appeal, filed after the entry of the judgment but before the disposition of his motion to reinstate the case, was ineffective to appeal from the judgment until the entry of the order disposing of that motion."); *Lauderdale County Sch. Dist.*, 24 F.3d at 681 ("Any notice of appeal filed after the final judgment, but before the disposition of the rule 59(e) motion, automatically becomes effective when the district court disposes of the rule 59(e) motion.") (citing FED. R. APP. P. 4(a)(4)).

Rule 4(a)(4) suspends the time for review by this Court because, until the district court addresses all post-judgment motions specified by the rule, it has not entirely finished with a case. On the contrary, a district court responding to a motion for reconsideration "necessarily has discretion . . . to reopen a case" and may change its ruling on the merits. *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997); *see Southland Indus.*, 99 F.2d at 120 (observing, in the agency context that "the same reason which prevents the running of the time for taking the appeal, prevents this court from acquiring jurisdiction; i.e., because jurisdiction continues in the [agency] to modify, reverse, or affirm its decision"); *cf. Lockett v. Anderson*, 230 F.3d 695, 700 (5th Cir. 2000) (finding that, when the district court decided to grant a Rule 59 motion, the decision became "an entirely new judgment").

Because Reliance Standard timely filed its motion for reconsideration, and the district has not yet disposed of that motion, it seems clear that the district court's decision is not final. Therefore,

we have no jurisdiction over this appeal.[2]

This case illustrates the need for strict adherence to the requirements of Rule 4(a)(4). The primary purpose of a motion for reconsideration is judicial economy. "'[T]o deprive [a litigant] the opportunity to petition a lower court for correction of errors [in a motion for reconsideration] might . . . actually prolong the process of litigation) ) since plenary consideration of a question of law [on appeal] ordinarily consumes more time than disposition of a petition for rehearing[.]'" *Greenwood*, 974 F.2d at 1466 (quoting *Healy*, 376 U.S. at 80); *Burt v. Ware*, 14 F.3d 256, 260 (5th Cir. 1994) (observing that the current version of Rule 4(a)(4) is designed both "to protect important rights of the litigants" *and* "to insure efficient court operations"). This case demonstrates how judicial resources may be preserved by a district court's ruling on a motion for reconsideration. Reliance Standard raises in its brief to this Court arguments that are essentially identical to those raised in its motion for reconsideration.[3] The district court should have an opportunity to review these

---

[2] It might be said that the district court "disposed of" Reliance Standard's motion for reconsideration by transmitting the case to this Court. The argument would be that the district court effectively denied Reliance Standard's motion by refusing to rule on it. That is not, however, what Rule 4(a)(4) contemplates. The Rule states explicitly that the district court must enter an order addressing the motion. FED. R. APP. P. 4(a)(4)(B)(I) ("If a party files a notice of appeal after the court announces or enters a judgment) ) but before it disposes of any motion listed in Rule 4(a)(4)(A)) ) the notice becomes effective to appeal a judgment or order, in whole or in part, when the *order* disposing of the last such remaining motion is entered.") (emphasis added). As we recently said in the bankruptcy context) ) interpreting a procedural rule that was modeled on (and, for present purposes, is identical to) Rule 4(a)(4)) ) the district court can properly dispose of a post-judgment motion only by issuing a ruling on the merits. We observed that a post-judgment motion "will render the underlying judgment nonfinal . . . thus divesting the appellate court of jurisdiction and rendering the previously-filed notice of appeal 'dormant' until the postjudgment motion is *adjudicated*[.]" *In re Transtexas Gas Corp.*, __ F.3d __ , 2002 WL 1938975, at *7 (5th Cir. August 22, 2002) (emphasis added).

[3] For example, Reliance Standard's motion for reconsideration pointed to a problematic aspect of Simmons' motion for summary judgment. According to Reliance Standard, Simmons provided, and the district court relied upon, affidavits containing evidence that was not before the insurance

arguments, and perhaps amend its initial ruling.[4]  *Cf. Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 349 (5th Cir. 1989) ("Refusal to grant reconsideration is tested under an abuse of discretion standard, but the Judge has to consider judicially the record as it exists at the time of the motion for reconsideration not just as it existed at the time of the initial ruling."); *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1332 (5th Cir. 1996) (citing *Xerox* for the proposition that a district court has an obligation to reconsider a grant of summary judgment when new evidence suggests that the first ruling was in error).  We cannot, and should not, take jurisdiction until the district court has had an

---

company when it rejected Simmons' application for benefits (including medical records of Dr. Bernauer (Simmons' personal physician), the deposition testimony of physical therapist Vonda Flu, and workers' compensation decisions suggesting that Simmons had a permanent disability).

　　We have held that, in reviewing factual questions (such as the existence of a permanent disability), the district court is "constrained to the evidence before the plan administrator." *Vega v. Nat'l Life Ins. Serv., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999).  Thus, in examining whether Reliance Standard abused its discretion, the district court could consider only the evidence that Reliance Standard had available to it when it declined to award benefits to Simmons.

　　[4]A decision on the motion for reconsideration would also undo a procedural error.  In this case, the district court ruled on Simmons' motion for summary judgment without giving Reliance Standard sufficient opportunity to respond.  We have made clear that Federal Rule of Civil Procedure 56 requires that a court provide a party with at least ten days to respond to a motion for summary judgment.  *Love v. Nat'l Med. Enter.*, 230 F.3d 765, 770-71 (5th Cir. 2000) (observing that the district court can grant summary judgment "'so long as the losing party has ten days notice to come forward with all of its evidence' in opposition to summary judgment")  (quoting *Washington v. Resolution Trust Corp.*, 68 F.3d 935, 939 (5th Cir. 1995)); *McCloud River R.R. Co. v. Sabine River Forest Prod., Inc.*, 735 F.2d 879, 883 (5th Cir. 1984) ("The rule that ten days must elapse between the filing of a summary judgment motion and the hearing on the motion is intended to give the opposing party opportunity to prepare responsive pleadings and counter affidavits.") (internal quotation marks omitted); *Kibort v. Hampton*, 538 F.2d 90, 91 (5th Cir. 1976) ("What [Rule 56] contemplates is 10 day advance notice to the adverse party that the matter will be heard and taken under advisement as of a certain day.").  We have held, however, that a district court can "rectif[y] [this] initial procedural error" by ruling on a motion for reconsideration. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 402 (5th Cir. 1998).  If the party opposing the motion for summary judgment is "afforded an opportunity . . . to present the court with evidence supporting [its] arguments" in a motion for reconsideration, the court's failure to provide an opportunity to respond is harmless error.  *Id.*

opportunity to make a final decision in light of all the contentions of both parties.

We DISMISS this appeal as premature.