United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2005**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

––––––––––––––

m 04-30155
Summary Calendar

––––––––––––––

NORRIS SMITH,

Plaintiff-Appellant,

VERSUS

CONSOLIDATED RECREATION AND COMMUNITY CENTER AND
PLAYGROUND DISTRICT NUMBER 1 OF THE PARISH OF JEFFERSON; ET AL.,

Defendants,

CONSOLIDATED RECREATION AND COMMUNITY CENTER AND
PLAYGROUND DISTRICT NUMBER 1 OF THE PARISH OF JEFFERSON;
TIM COULON,
JEFFERSON PARISH PRESIDENT, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
MICHAEL QUIGLEY,
DIRECTOR OF THE JEFFERSON PARISH PARK AND RECREATION DEPARTMENT
AND/OR CONSOLIDATED RECREATION AND COMMUNITY CENTER
AND PLAYGROUND DISTRICT NUMBER 1, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
KEVIN O'QUINN,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
SCOTT MUHOBERAC,
INDIVIDUALLY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
ɱ 01-CV-2042-B

_____

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM:[*]

Norris Smith appeals a summary judgment in his suit against his former employer, Jefferson Parish Consolidated Recreation and Community Center ( the "Center") and four of its employees for, *inter alia*, racial discrimination and retaliation. We review a summary judgment *de novo* and are bound by the same standard as is the district court.[1] Finding no error, we affirm.

## I.

Smith claims he was not selected for a promotion on account of his race. The district court determined that Smith had established a *prima facie* case because he is a member of a protected class and was certified as eligible and sought the supervisory position ultimately awarded to another employee not within the protected class. The court concluded that Smith had failed to demonstrate a genuine issue of material fact as to whether the Center's proffered legitimate, nondiscriminatory reason for not selecting him was pretext for unlawful discrimination.

Smith contends the court should not have required him to demonstrate pretext because the Center failed to carry its antecedent burden of articulating a legitimate, nondiscriminatory rationale for denying him the promotion. Indeed, Smith attacks the Center's proffered rationaleSSSmith's poor performance during the interview and selection process relative to other potential candidatesSSas "unworthy of credence." But the governing law explicitly precludes courts from testing the credibility of reasons proffered by employers in response to a *prima facie* case of alleged discrimination; the "burden on the employer is only of production, not persuasion, involving no credibility assessments."[2]

Smith attempts to demonstrate a genuine issue of material fact as to pretext by reference to three self-styled affidavits submitted by former co-workers. Only one of these submissions, however, is at all probative of unlawful discrimination. In any event, as the district court concluded, this submission is not competent summary judgment evidence, because it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004); FED. R. CIV. P. 56(c).

[2] *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255-56 (1981)).

is not sworn to be true and correct before a public notary or stated to be true and correct under penalty of perjury.[3] Moreover, Smith's unsupported allegations and his own subjective belief that he was not selected for the promotion based on race are insufficient to raise a fact issue as to pretext.[4] Summary judgment on this claim was appropriate.

## II.

Smith contends he was terminated in retaliation for filing complaints with state and federal agencies. The district court decided that Smith's claim fails because he offered nothing but unsupported statements linking the protected activity to the termination decision and because the record indicates that Smith had received negative performance appraisals and disciplinary actions before the decision was made to terminate him. Smith claims that his performance was adequate and that these infractions were trumped up, but he has failed to provide any competent evidence that his supervisors' dissatisfaction with his performance and demeanor was not the reason for his termination. The district court was correct in entering summary judgment on the retaliation claim.

## III.

The district court denied Smith's post-judgment motion for reconsideration, finding that the evidence Smith claimed to be newly-discovered was previously available to Smith and was in any event of little substantive value. Smith complains of the denial but has failed properly to appeal the order denying the motion. His notice of appeal, filed after the entry of judgment but before entry of the order denying his motion, was ineffective to appeal the entry of judgment until the order disposing of his reconsideration motion had been entered.[5] Because Smith did not amend his previously filed notice of appeal, in which he designated only the summary judgment order as being appealed, appellate review of the order denying his motion for reconsideration is precluded.[6]

AFFIRMED.[7]

---

[3] See Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988); 28 U.S.C. § 1746.

[4] See Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 313 (5th Cir. 1999).

---

[5] See Simmons v. Reliance Stand. Life Ins. Co., 310 F.3d 865, 868 n.1 (5th Cir. 2002); FED. R. APP. P. 4(a)(4)(A)(iv), (B)(i).

[6] See FED. R. APP. P. 4(a)(4)(B)(ii), 3(c)(1)(B).

[7] Because Smith's briefing adequately addresses only his promotion denial and retaliation claims, any challenge to the summary judgment entered on the balance of his claims is deemed waived.