United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61062
Summary Calendar
_____

TIMOTHY TURNER,

Plaintiff-Appellant,

versus

DONALD CABANA, Superintendent of Mississippi Department of
Corrections, in his official and personal capacities; PAMELA
ROBINSON, Associate Warden, in her official and personal
capacities; HARRIS, Associate Warden, in his official and
personal capacities; MICHAEL WEEKS, Lieutenant, in his official
and personal capacities; K.T. CHASE, Correctional Officer, in his
official and personal capacities; TERRY STAPPLETON, Correctional
Officer, in his official and personal capacities; EMMITT
SPARKMAN, Deputy Commissioner, in his official and personal
capacities; CHRISTOPHER EPPS, Commissioner of Corrections, in his
official and personal capacities; J.J. STREETER, Warden, in his
official and personal capacities,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-97
---------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Timothy Turner, former Mississippi prisoner # 38850, appeals

the dismissal with prejudice of his 42 U.S.C. § 1983 suit, which

alleged that the defendants violated his constitutional rights by

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to protect him from an attack by another inmate, Lester Nash. Nash attacked Turner while they were in separate pens in the prison yard.

Turner correctly argues that the district court erred in failing to consider his timely filed objections to the magistrate judge's report. Moreover, because the objections were filed within 10 days of the final judgment, the objections should have been construed by the district court as a FED. R. CIV. P. 59(e) motion. See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); United States v. Gallardo, 915 F.2d 149, 150 n.2 (5th Cir. 1990). Because Turner's appeal is frivolous, we pretermit the jurisdictional issue presented by the failure of the district court to rule on the Rule 59(e) motion. See Fed. R. App. P. 4(a)(4)(A)(iv); Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

As found by the district court, the facts alleged by Turner did not establish that any of the defendants had knowledge that there was a specific risk of Nash attacking Turner during yard call while they were in separate pens. See Farmer v. Brennan, 511 U.S. 825, 833, 837 (1994); Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986). In fact, Turner conceded during the Spears[**] hearing, that he himself did not anticipate the attack and that he knew of no way that the defendants could have anticipated the attack.

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Although he stated in his objections to the magistrate judge's report that the defendants should have anticipated the attack because he and Nash were in rival gangs, he did not explain how such knowledge would have led the defendants to infer that there was a substantial risk of harm to Turner by Nash while they were in separate pens in the prison yard. See Farmer, 511 U.S. at 837. Neither did Turner allege any facts that would establish that the defendants knew or should have known that their failure to search Nash on the day in question would pose a substantial risk of harm to Turner while he and Nash were in separate pens. Id. The mere failure to follow prison regulations and rules does not rise to the level of a constitutional violation. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Turner's appeal is frivolous and is dismissed. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Because Turner was incarcerated at the time he filed the instant appeal, the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Should Turner be returned to prison and accumulate three strikes, he would not be permitted to proceed in forma pauperis in any civil action or appeal filed while incarcerated or detained in any facility unless he were under imminent danger of serious physical injury. See § 1915(g). Turner is also warned that, as a non-prisoner, any future frivolous filings will subject him to sanctions.

3

APPEAL DISMISSED; SANCTION WARNING ISSUED.