United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 07-20144
Summary Calendar

---

CLINTON DILLARD,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3823
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Clinton Dillard, Texas prisoner # 769921, moves this court for a certificate of appealability (COA) to appeal the denial of a FED. R. CIV. P. 60(b) motion. Dillard initially filed a 28 U.S.C. § 2254 petition in 2004 challenging his 1996 murder conviction. The district court dismissed the petition as barred by the one-year limitations period of 28 U.S.C. § 2244(d). Dillard then filed his Rule 60(b) motion for relief from the judgment dismissing his § 2254 petition as time-barred.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dillard did not attempt to use his Rule 60(b) motion to add a new habeas claim or to attack the federal court's resolution of a claim on the merits; he instead challenged the district court's determination that his § 2254 petition should be dismissed as time barred. Therefore, as Dillard argues, a COA is not necessary, and this court has jurisdiction to consider the arguments presented in his Rule 60(b) motion. See Gonzalez v. Crosby, 545 U.S. 524, 532 & n.4 (2005); Dunn v. Cockrell, 302 F.3d 491, 492 & n.1 (5th Cir. 2002); 28 U.S.C. § 2253(c)(1). Accordingly, the motion for a COA is denied as unnecessary.

Dillard contends that he is entitled to relief from the judgment because the district court, in determining that his § 2254 petition should be dismissed as time-barred, rendered its judgment in a manner inconsistent with due process, and in violation of 28 U.S.C. § 2243. He notes that the district court dismissed his § 2254 petition on its own motion.

Although the district court did not provide "fair notice and an opportunity for the parties to present their positions," Day v. McDonough, 126 S. Ct. 1675, 1684 (2006), prior to dismissing the § 2254 petition as time-barred, the record reflects that Dillard utilized a FED. R. CIV. P. 59(e) to challenge the district court's ruling and to fully address the limitations issue. Dillard has not shown that the district court abused its discretion in denying his Rule 60(b) motion. See Warfield v. Byron, 436 F.3d 551, 555 (5th

Cir. 2006); <u>Simmons v. Reliance Standard Life Ins. Co. of Texas</u>, 310 F.3d 865, 870 n.4 (5th Cir. 2002).

Dillard also contends that he is entitled to Rule 60(b) relief because the district court, in denying his Rule 59(e) motion, inaccurately characterized his constitutional challenges to the one-year limitations period of 28 U.S.C. § 2244(d) as "foreclosed." Even if the creative constitutional arguments raised by Dillard had not been directly foreclosed by previous decisions, Dillard has failed to show that the district court's denial of his Rule 60(b) motion was an abuse of discretion. <u>See</u> <u>Warfield</u>, 436 F.3d at 555; <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 402 (5th Cir. 1981).

AFFIRMED.