PER CURIAM: *
David Lee Hill, Louisiana prisoner # 100085, has moved for leave to appeal in forma pauperis (IFP) from the dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous under 28 U.S.C. § 1915(e). The district court denied Hill IFP status and certified that the appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3).
Although this case is before us on Hill’s motion to proceed IFP, we are obligated to examine the basis of our jurisdiction. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir.1987). A valid and timely notice of appeal is a jurisdictional requirement. Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007); 28 U.S.C. § 2107(a).
*280 Hill’s district court pleading styled “Plaintiffs Notice of Appeal of Judgment” manifests no intent by Hill to appeal the district court’s judgment to this court. See Fed. R.App. P. 3(c)(4); Jordan v. Ector County, 516 F.3d 290, 294 (5th Cir.2008). Instead, it evinces his desire to have the district court reconsider the magistrate judge’s recommendation and its own rulings. Therefore it is not a valid notice of appeal. See Mosley, 813 F.2d at 660. Hill’s invalid notice was filed within the 10 day period for filing a motion under Fed. R.Civ.P. 59(e). Fed R. Crv. P. 6(a)(2). It should have been construed as a Rule 59(e) motion. See Mangieri v. Clifton, 29 F.3d 1012, 1015 n. 5 (5th Cir.1994); see also United States v. Gallardo, 915 F.2d 149, 150 n. 2 (5th Cir.1990) (construing post-judgment objections to a magistrate judge’s report as a Rule 59(e) motion).
Although Hill’s constructive Rule 59(e) motion was not a valid notice of appeal, Hill filed a motion to proceed IFP that we construe as a notice of appeal because it was filed within 30 days of judgment. See Fischer v. U.S. Dept. of Justice, 759 F.2d 461, 464 (5th Cir.1985). Such notice of appeal is nonetheless not yet effective because the district court has never disposed of Hill’s constructive Rule 59(e) motion. Fed. R.App. P. 4(a)(4)(B)(i); Burt v. Ware, 14 F.3d 256, 260 (5th Cir.1994). Accordingly, the case is REMANDED to the district court for the limited purpose of allowing the district court to rule on Hill’s outstanding Rule 59(e) motion. See Burt, 14 F.3d at 260-61.
LIMITED REMAND.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.