# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2011

Lyle W. Cayce
Clerk

No. 10-11061
Summary Calendar

KAMAL K. PATEL,

                              Plaintiff-Appellant

v.

JOSEPH HARO, Warden - FCI Big Spring; W.A. SHERROD, Associate Warden;
TREVINO TAPIA, Associate Warden; WAYNE "ATILLA THE HUFF"
HUFFMAN, Supervisor of Education/Industries; JOHN CLINTON, Captain;
SHERRY JACOBSON, Unit Manager; JIMMIE WRIGHT, Chaplain; M.
GOMEZ, Lieutenant; D. WHITE, Lieutenant; LINDA PATTON, Case Manager;
CATHY NEW, Case Manager; C. OLIVAS, Correctional Counselor;
COUNSELOR R. SPEAKER, Correctional Counselor; FNU FRESHOUR,
Mailroom Clerk; J. PEREZ, Correctional Counselor; ONE JOHN DOE, Identified
as Inmate Systems Manager; RUBEN HERNANDEZ, Lieutenant; R. RANGEL,
SIS Lieutenant; FNU DAVIS, Special Housing Lieutenant; FNU WOODS,
Special Housing Lieutenant; FNU ADAMS, Case Manager Coordinator; SEAN
MARLER, Regional Designator,

                              Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-225

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

No. 10-11061

Kamal K. Patel, federal prisoner # 56496-080, appeals the district court's and magistrate judge's (MJ's) decisions in his *Bivens*[1] action. Our review of the record, however, shows that it is not yet appropriate for us to consider his arguments.

This court must examine the basis of its jurisdiction sua sponte if necessary.[2] Within 28 days of entry of the MJ's judgment dismissing Patel's claims against Joseph Haro, Patel filed a "PROOF OF SERVICE UPON DEFENDANT JOSEPH HARO" (document 126) that is construed as arising under Federal Rule of Civil Procedure 59(e) and that renders his notice of appeal ineffective until the district court rules on it.[3] Accordingly, this case must be remanded, and the record returned, so that the district court may rule on Patel's postjudgment motion "as expeditiously as possible, consistent with a just and fair disposition thereof."[4] We retain jurisdiction over the appeal except for the purposes of the limited remand. Patel's appeal shall be held in abeyance until his notice of appeal is effective. The clerk of this court is instructed to process the appeal immediately upon the return of this case from the district court.

LIMITED REMAND; APPEAL HELD IN ABEYANCE.

---

R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

[3] FED. R. APP. P. 4(a)(4)(B)(i); *United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc).

[4] *Burt v. Ware*, 14 F.3d 256, 261 (5th Cir. 1994).