# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2013

No. 12-31039
Summary Calendar

Lyle W. Cayce
Clerk

KENTRELL HARRELL,

Petitioner–Appellant,

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-989

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kentrell Harrell, Louisiana prisoner # 467824, was convicted in 2006 of second-degree murder and received a sentence of life in prison. After unsuccessfully seeking direct and postconviction review in state court, Harrell filed a 28 U.S.C. § 2254 application raising numerous claims. By order entered on September 28, 2012, the district court dismissed the § 2254 application as mixed because it contained both exhausted and unexhausted claims. Harrell then filed a timely notice of appeal. Within 28 days of entry of judgment, Harrell

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed a motion seeking to delete his unexhausted claims and to proceed solely on his exhausted claim that the evidence was insufficient. The district court granted that motion and ordered the case reopened.

Harrell then moved in this court to dismiss his appeal. However, by order entered on November 7, 2012 (the November 7 order), the district court vacated its earlier order reopening the case on the basis that it lacked jurisdiction due to Harrell's pending appeal. As a result, no action was taken on Harrell's request to dismiss his appeal.

Harrell now seeks a certificate of appealability (COA) from this court. Harrell challenges the November 7 order and asks that he be permitted to proceed on his exhausted claim. We treat Harrell's COA application, filed within 30 days of entry of the November 7 order, as a timely notice of appeal of that order. *See Smith v. Barry*, 502 U.S. 244, 247-48 (1992); FED. R. APP. P. 4(a)(1)(A).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as in this case, a district court dismisses a habeas application on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Harrell has made the required showing. Because Harrell filed his motion within 28 days of entry of judgment of dismissal, it was effectively a Rule 59(e) motion, making the notice of appeal ineffective and the judgment nonfinal until disposition of the motion. *See* FED. R. CIV. P. 59(e); FED. R. APP. P. 4(a)(4)(A), (B)(i); *Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 867-68 (5th Cir. 2002). The district court thus had authority to reopen the matter and erred by vacating its prior order reopening the case for lack of jurisdiction. Harrell has necessarily shown that reasonable jurists would debate the procedural ruling.

No. 12-31039

Our review of the pleadings, record, and COA application satisfy us that reasonable jurists would also debate whether Harrell has stated a valid constitutional claim regarding the sufficiency of the evidence. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Therefore, Harrell has satisfied the requirements for a COA. *See Slack*, 529 U.S. at 484.

In light of the foregoing, we GRANT Harrell's motion for a COA with respect to whether the district court erred by vacating the November 7 order and whether he has stated a valid constitutional claim. As further briefing is unnecessary, we VACATE the November 7 order, and we REMAND to the district court to reenter the ruling reopening Harrell's § 2254 proceedings so that Harrell may pursue his exhausted sufficiency claim. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998) (per curiam). We express no opinion regarding the resolution of the merits of Harrell's application.