# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2013

No. 11-20500
Summary Calendar

Lyle W. Cayce
Clerk

LUIS RAMON DELEON,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2047

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Ramon Deleon, Texas prisoner # 1204504, was convicted of capital
murder in 2003 and sentenced to life in prison. His probation for an unrelated
drug case was also revoked, and he was sentenced to ten years. In May 2011,
after the state court denied habeas relief, Deleon filed a 28 U.S.C. § 2254 petition
challenging the murder conviction, although he also referenced the drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20500

conviction. Before the state was served and filed an answer, the district court *sua sponte* dismissed the petition as time-barred, reasoning that both convictions became final long before Deleon filed for either state or federal relief. Deleon appeals.

Our appellate jurisdiction is limited to the issue upon which a certificate of appealability ("COA") was granted, *see Lewis v. Thaler*, 701 F.3d 783, 787 (5th Cir. 2012), which in this case is "whether the district court erred in *sua sponte* dismissing the application as time barred without giving Deleon notice or an opportunity to respond." Deleon does not address the propriety of the district court's *sua sponte* action nor his opportunity to respond, and the issue is therefore abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Instead, virtually all of Deleon's appellate brief is devoted to arguing the merits of his claim that his capital murder conviction was obtained in violation of the constitution due to, *inter alia*, ineffective assistance of counsel and prosecutorial misconduct. We do not consider these arguments. *See Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009) ("Because neither we nor the district court granted Carty a COA on this issue, we lack jurisdiction to consider this claim.").

Deleon makes only passing references to the district court's application of the statute of limitations. To the extent these preserved appellate review, we note that although the district court did not give Deleon explicit notice of the limitations issue prior to dismissal, *see Day v. McDonough*, 547 U.S. 198, 210, 126 S. Ct. 1675, 1684 (2006), Deleon acknowledged in his § 2254 petition that his habeas claims were filed more than one year after his conviction became final, and he set forth his arguments against application of limitations. *Cf. Dillard v. Quarterman*, 237 F. App'x. 940, 941 (5th Cir. 2007). The district court addressed

2

No. 11-20500

those arguments, the state has not waived application of the time bar, and we perceive no error in the district court's conclusions.

The district court's judgment is therefore AFFIRMED.