# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2022

Lyle W. Cayce
Clerk

No. 20-60693
Summary Calendar

Estate of Jessica Danielle Brown,

*Plaintiff—Appellant*,

*versus*

George County, Mississippi,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-230

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

The Estate of Jessica Danielle Brown (the Estate), which was substituted as plaintiff after the death of original plaintiff Jessica Danielle Brown Carroll, former inmate in the George County Regional Correctional Facility, appeals the summary judgment entered in its 42 U.S.C. § 1983

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

lawsuit and the denial of its Federal Rule of Civil Procedure 59(e) motion. We affirm.

Any initial procedural error by the district court in sua sponte granting summary judgment on an issue not raised by the parties was rendered harmless by the court's subsequent ruling on the Rule 59(e) motion. *See Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 869 n.4 (5th Cir. 2002). Additionally, Carroll was incarcerated pursuant to an order issued by a municipal judge acting in his judicial capacity. Thus, as the district court found, the action of the judge cannot constitute municipal policy. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also Davis v. Tarrant Cnty.*, 565 F.3d 214, 227 (5th Cir. 2009). The district court did not err by granting summary judgment in favor of George County on Carroll's constitutional claims. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); Fed. R. Civ. P. 56(a). Because Carroll was confined in the George County Regional Correctional Facility at the time that her claims arose, the Estate has shown no error in the district court's dismissal of her state law claims under the Mississippi Torts Claims Act. *See* Miss. Code Ann. § 11-46-9(1)(m).

We decline to address the Estate's claim that the George County sheriff acted as an official policymaker because that issue was raised for the first time on appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). Also, it is not necessary to address the Estate's remaining claims in light of its failure to establish the existence of a requisite county policy or practice under *Monell*. *See Monell*, 436 U.S. at 694. Finally, the district court did not err by denying the Rule 59(e) motion simply because it was unopposed. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

AFFIRMED.