# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-20305
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2022

Lyle W. Cayce
Clerk

---

David Clifford Pedder, Jr.,

*Plaintiff—Appellant*,

*versus*

Marlen Marquez; Rachel A. Whitney; C. S. Deigle,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-494

---

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

David Clifford Pedder, Jr., Texas prisoner # 01787993, appeals the dismissal of his pro se 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) and the denial of his motion for reconsideration. On appeal, Pedder argues as follows: the district court abused its discretion and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20305

violated his due process rights by sua sponte dismissing his § 1983 complaint as untimely and thus frivolous without providing him with notice and an opportunity to respond; his claims for injunctive and declaratory relief were not time barred; his claim under the Prison Rape Elimination Act (PREA) was not time barred; and the district court abused its discretion in denying his motion for reconsideration.

We review for abuse of discretion the dismissal of a complaint under § 1915(e)(2)(B)(i) as frivolous and the denial of a Federal Rule of Civil Procedure 59(e) motion for reconsideration. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *see also Midland West Corp. v. FDIC*, 911 F.2d 1141, 1145 (5th Cir. 1990). After considering Pedder's arguments, we affirm.

Pedder had two years to file his § 1983 complaint. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Insofar as Pedder sought to raise a stand-alone claim under the PREA, he cites no case in support of his position that the PREA established a private action for such a claim.

Neither the record nor Pedder's arguments show that he actively pursued his judicial remedies or otherwise acted diligently. *See Wallace v. Kato*, 549 U.S. 384, 394-95 (2007); *Hand v. Stevens Transp., Inc. Emp. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App. 2002); *see also Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 843 (Tex. App. 2003). Although the district court did not provide notice and an opportunity for Pedder to present his position before dismissing the § 1983 complaint as time barred, Pedder challenged the district court's ruling in his Rule 59(e) motion and addressed his position on the limitations issue. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). In light of the foregoing, the district court did not abuse its discretion in dismissing Pedder's complaint as frivolous and in denying his Rule 59(e) motion. *See, e.g.*, *Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 869 n.4 (5th Cir. 2002).

No. 21-20305

The district court's dismissal of Pedder's complaint as frivolous under § 1915(e)(2)(B) counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534-41 (2015). Pedder is cautioned that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.