# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2022

Lyle W. Cayce
Clerk

No. 20-20434
Summary Calendar

Willie T. Washington,

*Plaintiff—Appellant*,

*versus*

UTMB; John Sealy Hospital Galveston,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-177

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Willie T. Washington, Texas state prisoner # 000856, appeals the district court's dismissal, with prejudice, of his 42 U.S.C. § 1983 civil suit for failure to state a claim upon which relief could be granted. In his complaint, Washington alleged that officials committed malpractice and were

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

deliberately indifferent to his serious medical needs when they performed an unnecessary surgery after his diagnosis with prostate cancer.

We must examine the basis of our jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely "notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit. *See* FED R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994) (applying this legal tenet in the context of the former 10-day time limit for filing a Rule 59(e) motion). Under Federal Rule of Appellate Procedure 4, the filing of a timely Rule 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the post-judgment motion. FED. R. APP. P. 4(a)(4)(B)(i); *see* FED. R. APP. P. 4(a)(4)(A)(iv); *see also Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 868 (5th Cir. 2002) ("Rule 4(a)(4) suspends the time for review by this Court because, until the district court addresses all post-judgment motions specified by the rule, it has not entirely finished with a case.").

Because Washington filed objections to the district court's dismissal of his § 1983 complaint within 28 days of the entry of final judgment, those objections are properly construed as a Rule 59(e) motion. *See Mangieri*, 29 F.3d at 1015 n.5; *United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990); FED. R. CIV. P. 59(e). The district court has not yet ruled on Washington's Rule 59(e) motion; therefore, his notice of appeal is not yet effective, and this appeal is premature. *See* FED. R. APP. P. 4(a)(4)(B)(i); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994).

Accordingly, this case is REMANDED for the limited purpose of allowing the district court to rule on the outstanding Rule 59(e) motion as expeditiously as possible, consistent with a just and fair disposition thereof.

No. 20-20434

*Burt*, 14 F.3d at 260-61.  We hold the appeal and Washington's motions to file supplemental briefs in abeyance until the notice becomes effective, and we retain jurisdiction over the appeal except for the purposes of the limited remand.  We also instruct the clerk of this court to process the appeal immediately upon the return of the case from the district court.

LIMITED REMAND; APPEAL HELD IN ABEYANCE