# United States Court of Appeals for the Fifth Circuit

—————————

No. 22-60485
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2023

Lyle W. Cayce
Clerk

Dean C. Boyd,

*Plaintiff—Appellant*,

*versus*

Vickie Thomas; N.P. Miranda Shegog; P.A. Shauna Nguyen; Shirley Harris; M.D. James Glisson; Sergeant Williams; Officer Sanders; Willie Knighten,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:22-CV-113

———————————————————————

Before Dennis, Elrod, and Willett, *Circuit Judges*.

Per Curiam:[*]

Dean C. Boyd, a Mississippi prisoner, appeals the dismissal without prejudice of his civil rights complaint for failure to exhaust administrative remedies.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60485

We must examine the basis of our jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely "notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Boyd filed an "objection" to the final judgment which challenged the correctness of that judgment. *See* Fed. R. Civ. P. 59(e). Such a pleading is commonly construed as a Rule 59(e) motion if, as here, it was filed within the applicable 28-day time limit. *See Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994) (applying the former 10-day time limit for filing a Rule 59(e) motion); *United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990) (liberally construing objections as a motion for reconsideration in the context of the former 10-day time limit for filing a Rule 59(e) motion).

Under Federal Rule of Appellate Procedure 4, the filing of certain postjudgment motions, including a timely Rule 59(e) motion, renders a notice of appeal ineffective until an order is entered disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i); *see also Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 868 (5th Cir. 2002). Because the district court has not ruled on Boyd's constructive Rule 59(e) motion, his notice of appeal is not yet effective, and this appeal is premature. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994). Accordingly, this case is REMANDED for the limited purpose of allowing the district court to rule on the Rule 59(e) motion. We hold the appeal in abeyance until the notice of appeal becomes effective, and we retain jurisdiction over the appeal except for the purposes of the limited remand. The clerk of this court is instructed to process the appeal immediately upon the return of the case from the district court.

LIMITED REMAND; APPEAL HELD IN ABEYANCE.