IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50917
Summary Calendar
_____

EDWARD S HODGES, III,

                                    Plaintiff - Appellant,

versus

MARGO FRASIER, Sheriff; M SPORNHAUER, #720; JACK E CRUMP,
Director, Texas Jail Commission; J ESTRADA, City Officer;
B BORING, Internal Affairs Officer; D DIAZ, Travis County Jail
Officer; G CONWAY, #788; TOROZON, #1066, Legal Research
Lady; L VALLEJO, #577, Travis County Jail Officer; A SHAW,
Travis County Jail Officer; D T RICHARDS, #102, Travis
County Jail Officer; L DAVENPORT, #757, Travis County Jail
Officer; D BLAIR, #544, Property Officer; RON BENNETT; G
MARTINEZ, Captain; JANA BISBEY THOMAS, also known as Bisbey,
Travis County Jail Class Officer; WHITE, #1112, Travis
County Jail Officer; D SWANSON, Travis County Jail Hospital
Administrator; D KLEKAR, #988; SELLSTROM, Travis County Jail
Class Officer; DOWNINGS; DIAZ, Travis County Jail Officer;
JOHN DOE; TRAVIS COUNTY COMMISSIONER'S COURT; JOHN DOE,
#1291, Travis County Jail Officer,

                                    Defendants - Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-632
- - - - - - - - - - -

March 10, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Edward S. Hodges, III (#313950), a state prisoner, has appealed the district court's judgment dismissing his civil rights action raising various claims related to his stay at the Travis County Jail.

*Pending motions*

Hodges has requested oral argument. Oral argument is DENIED. See Fed. R. App. P. 34(a)(3).

Hodges has moved for appointment of counsel. The case does not present exceptional circumstances requiring appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The motion is DENIED.

Hodges has filed a motion requesting that the appellees be sanctioned and the he be granted judgment on the merits. The motion is DENIED as frivolous.

Hodges has moved for leave to file two reply briefs. The appellees were permitted to file two briefs. The motion is DENIED AS UNNECESSARY. See Fed. R. App. P. 28(c).

Hodges has moved for leave to supplement the record with excerpts from the depositions of appellees Torczon, Richards, Estrada, Bisbey, and appellant, Hodges. The motion is DENIED.

*Standards of review*

The claims against defendants Crump, Shaw, Martinez, and Bennett were dismissed as frivolous. An in forma pauperis complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); see Denton

2

v. Hernandez, 504 U.S. 25, 32-33 (1992). Section 1915(e)(2)(B)(i) dismissals are reviewed for abuse of discretion. Siglar 112 F.3d at 193.

The claims against defendants, Sheriff Keel, in his individual capacity, Swanson, the Travis County Commissioners' Court, Boring, White, Spornhauer, Swanson, Conway, D. Diaz, FNU Diaz, Selstrom, Torczon, Davenport, John Doe, Klekar, and Downings were dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Such a dismissal is ordinarily reviewed by this court under the same de novo standard as is employed in reviewing dismissals under Fed. R. Civ. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). In this case, however, Hodges failed to file timely objections to the magistrate judge's report and recommendation.

The objections were timely mailed but were returned because of insufficient postage. In Houston v. Lack, the Court held that a prisoner's notice of appeal is considered filed when it is delivered to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988); Fed. R. App. P. 4(c); see also Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995) (extending the "mailbox rule" established in Houston to statute-of-limitations determinations involving prisoners' pro se complaints). Nevertheless, the "mailbox rule" does not relieve a prisoner from doing all that he can reasonably do to ensure that the clerk of court receives documents in a timely manner. Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993). Failure to place proper postage on outgoing

3

prison mail does not constitute compliance with this standard. <u>Id.</u>

In this circumstance, any issue raised with respect to the order dismissing Hodges's claims for failure to state a claim must be reviewed for plain error only. <u>Douglass v. United Serv. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). To demonstrate plain error, an appellant must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings, but is not required to do so. <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing <u>United States v. Olano</u>, 507 U.S. 725, 730-35 (1993)).

The claims against Sheriff Keel, in his official capacity, and against Estrada, Torczon, Richards, and Bisbey, were dismissed by the district court under Rule 52(c) during the bench trial. <u>See</u> Fed. R. Civ. P. 52(c). The district court's fact findings are reviewed for clear error and its legal conclusions are subject to de novo review. <u>See</u> <u>Reich v. Lancaster</u>, 55 F.3d 1034, 1045 (5th Cir. 1995).

*Qualified immunity standard*

The defendants asserted the defense of qualified immunity. The first inquiry in examining a defense of qualified immunity is whether the plaintiff has alleged "the violation of a clearly established constitutional right." <u>Siegert v. Gilley</u>, 500 U.S. 226, 231 (1991). The court uses "currently applicable

4

constitutional standards to make this assessment." <u>Rankin v. Klevenhagen</u>, 5 F.3d 103, 106 (5th Cir. 1993). The second step is to "decide whether the defendant's conduct was objectively reasonable" in light of the legal rules clearly established at the time of the incident. <u>Spann v. Rainey</u>, 987 F.2d 1110, 1114 (5th Cir. 1993).

## *Waived claims*

Hodges has waived his claims against defendants Boring, Conway, Davenport, and Swanson, by failing to assert them on appeal. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

## *Issues presented on appeal*

## *Procedure in granting Rule 52 motion*

Hodges contends that the district court erred by granting the defendants' oral motion for judgment as a matter of law before he rested his case. Hodges contends that he was not permitted to call certain witnesses. A judge has a great deal of latitude in conducting a bench trial. <u>Cranberg v. Consumers Union of United States, Inc.</u>, 756 F.2d 382, 391-92 (5th Cir. 1985). Hodges has not provided the court with a transcript. Without the transcript, there is no way of reviewing whether the district court abused its discretion in refusing to permit testimony. No abuse of discretion has been shown.

## *Retaliation claims*

Hodges's contends generally that the defendants were motivated by a desire to retaliate against him. The district court did not

5

discuss whether Hodges had stated a retaliation claim. "The elements of a claim under a retaliation theory are the plaintiff's invocation of a 'specific constitutional right,' the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, i.e., 'but for the retaliatory motive the complained of incident . . . would not have occurred.'" Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir.) (quoting Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)), cert. denied, 118 S. Ct. 559 (1997). To substantiate a claim of retaliation, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." Woods, 60 F.3d at 1166 (internal quotation marks omitted). "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." Johnson, 110 F.3d at 310 (internal quotation marks omitted). Although Hodges has alleged a variety of constitutional claims against a number of jail employees, Hodges has not alleged a chronology of events from which a retaliatory motive may plausibly be inferred. Even if we were to conclude that failure of the district court to address the retaliation claim constituted clear or obvious error for purposes of the plain-error standard, we would decline to exercise our discretion to correct such error in this case. See Calverley, 37 F.3d at 162-64.

Hodges contends specifically that defendants Vallejo, Spornhauer, Diaz, Bennett, Klekar, Estrada, Martinez, Shaw, Keel,

6

and J. Doe, conspired to retaliate against him by falsely charging him with possession of a controlled substance, by preventing him from calling witnesses at a prison disciplinary proceeding, and by failing to act on his grievances. The district court dismissed the claims against Vallejo, Spornhauer, Diaz, Klekar, Estrada, Keel, and J. Doe for failure to state a claim under the rule in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Hodges has failed to show clear and obvious error under the plain-error standard. See Edwards v. Balisok, 520 U.S. 641, ___, 117 S. Ct. 1584, 1588-89 (1997); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998), pet. for cert. filed (U.S. Nov. 30, 1998) (No. 98-7103).

The district court dismissed the claims against Bennett, Martinez, and Shaw as frivolous. Bennett was dismissed because he is a private citizen. Hodges contends that Bennett should not have been considered a private citizen. A private citizen could be considered a state actor if he was alleged to have engaged in a conspiracy with state actors. See Hobbs v. Hawkins, 968 F.2d 471, 479-80 (5th Cir. 1992). Shaw and Martinez were dismissed because the claims against them involved their supervisory capacities only. Even if we were to conclude that the district court erred in dismissing these claims as frivolous, no abuse of discretion occurred because the substantive retaliation claims were properly dismissed under the rule in Heck.

### Denial of equal protection

Hodges, who is black, contends that his right to equal protection was violated because prison personnel were motivated to

act against him by racial animus. In order to make out an Equal Protection claim, Hodges must prove the existence of purposeful discrimination, which implies that the decisionmaker selected a particular course of action at least in part because of the adverse impact it would have on an identifiable group. Johnson v. Rodriquez, 110 F.3d 299, 306-07 (5th Cir. 1997). Although Hodges alleged that defendant White called him a "nigger" and discriminated against black inmates generally, Hodges has failed to show that the district court plainly erred in concluding that Hodges's allegations were factually insufficient to overcome White's qualified-immunity defense. The allegations do not show the violation of a clearly established constitutional right. See Siegert, 500 U.S. at 231.

## Conditions of confinement

Hodges contends that the district court erred in dismissing his unsanitary-jail-conditions claims against Sheriffs Keel and Frasier, in their official capacities, at the bench trial. The district court held that Hodges had failed to prove any of the elements of these claims. Because Hodges has not provided the court with a transcript of the trial, Hodges cannot show that the district court's holding was erroneous.

## Ineffective assistance of counsel

Hodges contends that his court-appointed attorney rendered ineffective assistance of counsel at the bench trial in denial of his right to due process. This issue is frivolous. The attorney's alleged malpractice does not provide a basis for reversal because

8

the right to effective assistance of counsel is based on the constitutional right to counsel, and there is no constitutional right to counsel in a civil rights action. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).


*Applicability of three-strikes rule*

Hodges contends that he should not be subject to the "three-strikes provision" of 28 U.S.C. § 1915(g) because he suffers from an incurable disease. Because the resolution of this issue will have no consequence for this appeal, we decline to address it. See Amar v. Whitley, 100 F.3d 22, 23 (5th Cir. 1996) (this court does not have jurisdiction or judicial resources to render advisory opinions).

*Denial of access to the courts*

Hodges contends that he was unable to prepare for a hearing in a state-court proceeding because defendant Spornhauer was unwilling to expedite his request for withdrawal of his litigation records from the Travis County Jail ("TCJ") property room. The district court dismissed Hodges's claims against Spornhauer for failure to state a claim. Hodges has not alleged that Spornhauer's inactions interfered with his ability to assert his constitutional rights in the state-court proceeding and has not alleged that he was materially disadvantaged in the state-court action. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992). Hodges has not shown

9

that the district court plainly erred in dismissing the claims against Spornhauer.

Hodges contends that the TCJ has no law library and does not provide legal assistance.  The district court held at the bench trial that Hodges had failed to show that he was prejudiced in a legal proceeding because he did not have access to a law library or to legal materials.  Because Hodges has failed to provide a transcript of the trial, he cannot show that the district court erred.

Hodges contends that Sheriff Keel ignored his complaints about interference with his legal mail by defendants White and Downings.  The district court dismissed these claims for failure to state a claim, because Hodges had failed to allege specific facts showing any specific injury.  Although it is possible that Hodges could allege a cause of action respecting the dismissal of his state civil action, Hodges's argument is insufficient to show a clear and obvious error under the plain-error standard.

### State-law claims

Hodges contends that the district court erred in dismissing his state-law conversion claims against defendants Spornhauer, Keel, Blair, Richards, and Estrada.  The district court dismissed the claims against Spornhauer and Blair for failure to state a claim under the Parratt/Hudson doctrine.  See Hudson v. Palmer, 468 U.S. 517 (1984); & Parratt v. Taylor, 451 U.S. 527 (1981).  As to Spornhauer and Blair, Hodges has not shown clear obvious error under the plain-error standard.  Hodges contends that Richards and

10

Estrada damaged and defaced his legal books by removing their covers and pages. The district court dismissed this claim after the bench trial, noting that Estrada had testified that the books had been altered for security reasons, and holding that Hodges had failed to overcome Richards's and Estrada's qualified-immunity defense. Because Hodges has not provided a transcript of the trial, Hodges cannot show that the district court erred.

*Claims against supervisory personnel*

Hodges contends that the district court erred in dismissing his claims against Sheriff Keel, in his individual and supervisory capacities, and against the Travis County Commissioners' Court. The district court dismissed these claims for failure to state a claim because Hodges had failed to allege personal involvement and because the Sheriff and the commission members could not be held vicariously liable for the actions of their subordinates. "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor may be liable if he is personally involved in the constitutional violation or there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Id. at 304. Hodges is unable to show personal involvement in a constitutional deprivation by these individuals.

Hodges contends that the district court erred in dismissing these defendants in its order partially granting the motion to dismiss because the county was subject to suit under § 1983. The

11

district court dismissed the claims against the individual defendants in their individual capacities only. The district court retained for trial the jail-conditions and HIV-positive-medical-technicians claims against the county. After the trial, the district court concluded that Hodges had failed to carry his burden of showing a constitutional violation as to the retained claims. Because Hodges has failed to provide a transcript of the trial, Hodges cannot show that the district court's dismissal of the retained claims was in error.

*Conditions-of-confinement claims against the county*

Hodges contends that he was denied adequate medical care while confined at TCJ and that the district court erred in dismissing this claim against the county. This issue was raised for the first time in Hodges's untimely objections to the magistrate judge's report and recommendation regarding the defendants' motion to dismiss. The district court also held, after the bench trial, that Hodges had failed "to demonstrate that he had suffered injuries of a constitutional magnitude with respect to his claims regarding . . . the service of medical care." Because Hodges has not provided the court with a transcript of the trial, he cannot show that the district court erred.

The district court dismissed the denial-of-access-to-the-courts, denial-of-due-process-at-disciplinary-hearing, and unsanitary-and-inadequate-food-service claims against the sheriff in his official capacity for failure to state a claim. For reasons previously expressed, Hodges cannot show plain error respecting the

12

dismissal of the first two claims. As to the unsanitary-and-inadequate-food-service claims, the district court concluded that Hodges had failed to allege that the jail food was nutritionally inadequate. The court also found that the possibility that HIV-positive inmates were involved in food preparation did not state a constitutional claim because "AIDS is not transmitted by casual contact such as food preparation." Hodges cannot show clear or obvious error as to these conclusions.

*Free exercise of religion*

Hodges contends that the district court erred in dismissing his free-exercise-of-religion claim against defendant Bisbey. The district court concluded at trial that Bisbey was entitled to qualified immunity. Hodges argues in his brief that Bisbey was impeached at trial because her testimony varied from the testimony she gave in her deposition. The deposition transcripts are not in evidence, however. Because Hodges has not provided a transcript of the trial, he cannot show that the district court's conclusion was erroneous.

*Denial of motion for a new trial*

Hodges contends that the district court erred in denying his motion for a new trial requesting a jury trial. Hodges presents no argument and, instead, states that he wishes to incorporate by reference the arguments presented in his motion in the district court. He may not do so. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (appellant could not incorporate in his brief his arguments from other pleadings). No error has been shown.

13

*Failure to credit testimony*

Hodges contends that the district court erred in discrediting his testimony at trial.  Because Hodges has failed to provide a transcript of the trial, this issue is not reviewable and no error has been shown.

For the foregoing reasons, the district court's judgment is AFFIRMED and all pending motions are DENIED.