# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2011

No. 10-30053

Lyle W. Cayce
Clerk

MARK HANNA

Plaintiff - Appellant

v.

DELMER MAXWELL; JANE WOMACK; TIM WILKINSON; TODD
THOMAS; MONA HYSE; LIONEL TELSEE; RICHARD STALDER; LINDA
RAMSEY

Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-cv-01230-DDD

Before JONES, Chief Judge, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mark Hanna ("Hanna"), Louisiana prisoner # 132872, proceeding pro se
and *in forma pauperis* ("IFP"), appeals the district court's dismissal of his
complaint under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).  Hanna's appellate brief
challenges the district court's dismissal of his § 1983 complaint seeking damages
against certain prison corrections officers, wardens, and officials of the Louisiana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30053

Department of Public Safety and Corrections ("LDOC") for violation of rights guaranteed to him by the First, Fourth, and Fourteenth Amendments. Hanna claims that these officials violated his constitutional rights by wrongfully convicting him for defiance after he refused an invasive medical procedure and threatened to sue prison officials. This disciplinary conviction resulted in his loss of 180 days of "good time" credit and his confinement in isolation for 10 days. After an independent review of the record, the district court adopted the recommendation of the magistrate judge ("MJ") to dismiss Hanna's § 1983 complaint for failure to state a claim upon which relief could be granted under § 1915(e)(2)(B)(i) and (ii), before service of process.[1] Hanna timely filed at least one notice of appeal.[2]

"The Prison Litigation Reform Act (PLRA) amended § 1915 to require the district court to dismiss in forma pauperis (IFP) prisoner civil rights suits if the court determines that the action is frivolous or malicious or does not state a claim upon which relief may be granted." *Black v. Warren*, 134 F.3d 732, 733 (5th Cir. 1998) (citing § 1915(e)(2)(B)(i) & (ii)). This court reviews dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) *de novo*, using the same

---

[1] We reject Hanna's claim that the MJ's request for documents that might help Hanna make out a case was improper. Though the primary ways of curing inadequacy in a prisoner's pleadings are: holding a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989); and making a request for a more definite statement from the prisoner through a questionnaire designed to "bring into focus the factual and legal bases of prisoners' claims," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), there is no bar to the MJ's method. Moreover, the district court's decision did not improperly rely on these documents.

[2] A copy of the envelope attached to the notice of appeal reflects a postmark of January 4, 2010. As the notice was due on this date, the notice was timely submitted under the prisoner's mailbox rule. FED. R. APP. P. 4(c)(1).

2

No. 10-30053

standard applicable to dismissals pursuant to FED. R. CIV. P. 12(b)(6). *Warren*, 134 F.3d at 734 (5th Cir. 1998). We review a determination by a district court that a case is frivolous as per § 1915(e)(2)(B)(i), for abuse of discretion. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

We find that the district court erred in dismissing Hanna's claim of retaliation for his refusal of medical treatment. With regard to the rest of the dismissal, we find no error or abuse of discretion.[3]

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). The district court dismissed Hanna's retaliation claim on the ground that the disciplinary sanctions Hanna suffered were *de minimis*. The court based that finding on the fact that Hanna refused medical care and filed grievances after his punishment. Hanna was not required to allege that the retaliatory adverse act had stopped him from pursuing his constitutional rights, however. The district court improperly applied a subjective standard in assessing the adversity

---

[3] The Court declines to consider Hanna's argument regarding habeas corpus comity considerations because he fails to coherently brief this issue. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28). Additionally, because there has been no determination that Hanna suffered a constitutional violation, the Court will not consider Hanna's premature claim that he is entitled to nominal and/or punitive damages as the prevailing party in this case. *See Brown v. Sudduth*, 255 F. App'x 803, 808 (5th Cir. 2007) ("the issue of damages is premature given that there has been no determination of whether Brown has even suffered a constitutional violation in the first place"). Third, because neither the MJ nor the district court suggested Hanna's claims were unexhausted, this Court need not address Hanna's argument that he did not procedurally default his claim. *See Jones*, 549 U.S. at 216 (failure to exhaust is an affirmative defense).

No. 10-30053

of the retaliatory act. *See Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006) (the act must be "capable of deterring a person of ordinary firmness from further exercising his constitutional rights"). The sanctions of ten days of confinement in isolation, and loss of 180 days of "good time" credit are more than mere *de minimis* adverse actions under this Circuit's case law. *See, e.g.*, *Hart*, 343 F.3d at 763-64 (finding that the actions of prison officials were not *de minimis* where, in response to a grievance filed by a prisoner, disciplinary proceedings were initiated, resulting in 27 days of cell restrictions and loss of commissary privileges); *Andrade v. Hauck*, 452 F.2d 1071, 1071-72 (5th Cir. 1971) (alleging denial of commissary privileges in retaliation for writing to a judge is sufficient to avoid dismissal of a § 1983 complaint). Additionally, Hanna has sufficiently alleged the other elements of a retaliation for refusal of medical treatment claim. His complaint sufficiently identifies his Fourteenth Amendment due process right to refuse medical treatment. *See Washington v. Harper*, 494 U.S. 220, 221-27 (1990). The chronology of events described in the complaint shows a retaliatory motive, as well as causation, as Hanna allegedly received a formal punishment for his refusal of medical treatment, *i.e.* the two events were directly linked. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *c.f. Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (holding that a chronology of events showing retaliatory motive had been established where a disciplinary charge was accompanied by a letter the prisoner had written against the charging officer).

Hanna has not made out a claim for retaliation for exercise of any other constitutional right, however. Although complaining about the conduct of corrections officers through proper channels is a constitutionally protected

No. 10-30053

activity, *see Morris*, 449 F.3d at 684, Hanna did not allege that he suffered retaliation after complaining through proper channels; rather, he alleged retaliation after threatening to file a lawsuit during a confrontation with corrections officers. Thus the district court's error as to the dismissal of that claim was harmless.

Hanna's substantive due process claim also fails. Substantive due process "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal quotation marks and citation omitted). To the extent Hanna has properly raised this claim on appeal, we find that Hanna's claim fails because he never served more time than was initially imposed for his illegal possession conviction. *See Richardson v. Joslin*, 501 F.3d 415, 418-19 (5th Cir. 2007). Hanna received a two-year sentence for his battery offense, which was ordered to run concurrent to the remainder of his illegal possession sentence. While Hanna's sentence was initially prolonged by 90 days due to the forfeiture of his "good time" credits, the revocation of Hanna's "good time" parole supervision resulted in his return to prison "for the remainder of the original full term" of his illegal possession sentence. LA. REV. STAT. ANN. § 15:571.5C; *see Howard v. Louisiana Bd. of Probation and Parole*, 589 So. 2d 534, 534-36 (La. App.), *writ denied*, 590 So. 2d 87 (La. 1991). Hanna was released from prison on October 13, 2007, after serving a two-year sentence for the second degree battery conviction and a concurrent 24 of the 27 months remaining on his illegal possession conviction. The 90 days of Hanna's illegal possession sentence, served prior to his release on "good time" parole supervision, were subtracted from the remainder of his illegal possession sentence.

No. 10-30053

We also agree with the district court's conclusion that Hanna's complaints about his 10-day confinement in isolation, denial of a mattress for 16 hours of each day in isolation, and loss of commissary and recreation privileges while in isolation were not sufficiently atypical or such a significant hardship to constitute grounds for a constitutional claim.

Finally, to the extent Hanna makes a procedural due process claim, it is unavailing. In the context of a disciplinary proceeding, due process does not require that a prisoner be afforded an appeal. *See Giovanni v. Lynn*, 48 F.3d 908, 911 & n.7 (5th Cir. 1995). Delay of Hanna's appeal thus cannot support a procedural due process claim under § 1983. *See id.*

For the aforementioned reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings as appropriate.