PER CURIAM: *
Plaintiff Mark Hanna appeals from the dismissal of his retaliation claim under 42 U.S.C. § 1983 as time barred under the one-year statute of limitations applicable under Louisiana law. For the reasons set forth below, we affirm.
I.
In 2008, Mark Hanna, Louisiana prisoner # 132872, filed a 42 U.S.C. § 1983 complaint against eight defendants, including corrections officers, wardens, and other officials with the Louisiana Department of Public Safety and Corrections (LDOC). He sought damages for various claims, including allegations that, during a 2003 disciplinary hearing, he was wrongfully convicted of defiance in retaliation for refusing a medical procedure and threatening to sue prison officials. As a result of this defiance conviction, Hanna served 10 days in isolation and forfeited 180 days of good time credit, which prolonged his sentence by 90 days. His defiance conviction was later overturned based on insufficient evidence.
Before service of process on the defendants, the district court dismissed Hanna’s § 1983 action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Hanna appealed, raising various arguments. See Hanna v. Maxwell, 415 Fed.Appx. 533, 534-37 (5th Cir.2011). This court affirmed in part, vacated in part, and remanded for further proceedings after concluding that Hanna had stated a retaliation claim. Id. at 535-37. With respect to Hanna’s other arguments, the court found no error or abuse of discretion in the district court’s decision. See id. at 535-37 nn. 1, 3. Thus, *194 only Hanna’s retaliation claim remained extant.
On remand, the magistrate judge issued a report on September 30, 2011 recommending dismissing Hanna’s § 1983 retaliation claim as barred by the applicable statute of limitations. Specifically, the magistrate judge found that Hanna’s retaliation claim accrued in January 2003 when he was disciplined and that the applicable statute of limitations under Louisiana law expired a year later in January 2004. Hanna did not file timely objections to the report and recommendation, and on October 21, 2011, following the deadline for such objections, the district court issued a judgment concurring with the magistrate judge’s report and dismissing Hanna’s action with prejudice.
On November 14, 2011, 24 days after entry of the district court’s judgment, Hanna filed a motion for an extension of time to file a response to the magistrate judge’s report, asserting that a mailman had placed the report in a neighbor’s mailbox, that he did not receive it until after the time for filing timely objections had passed, and that he disagreed with the magistrate judge’s recommendation. On December 13, 2011, Hanna filed another motion to extend the time for filing objections to the report. On December 15, 2011, the magistrate judge issued an electronic order, without an attached document, declaring Hanna’s postjudgment motions moot because the case had already been dismissed.
On January 10, 2012, Hanna filed his late objections to the magistrate judge’s report. On the same day, he appealed to the district court for review of the magistrate judge’s denial of his requests for an extension of time to file the objections. On February 9, 2012, Hanna filed a motion to expedite his appeal to the district court. On February 10, 2012, the district court denied this motion, finding no exceptional circumstances which might warrant expedited consideration. On March 29, 2012, Hanna filed a motion reurging his previously denied motion for an expedited appeal of the magistrate judge’s decisions.
On April 5, 2012, the district court issued an Order addressing Hanna’s reurged motion, in which it construed the motion as a motion for reconsideration and addressed the merits of Hanna’s appeal of the magistrate judge’s decisions. The district court concluded: “There is no basis to reconsider our decision dismissing Plaintiffs claims, even taking into account Mr. Hanna’s Objection to the Magistrate Judge’s Report and Recommendation.” In denying the motion, the district court again observed that Hanna’s retaliation claim under § 1983 was time barred. The court additionally denied as moot Hanna’s appeal from the magistrate judge’s denial of his motion to extend.
On April 17, 2012, within 30 days from entry of this final order, Hanna filed a notice of appeal to this court.
II.
As a threshold issue, this court must first examine the basis of its jurisdiction. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir.1987). A timely “notice of appeal in a civil case is a jurisdictional requirement.” Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). A notice of appeal in a civil action must be filed within 30 days of entry of the judgment from which the appeal is taken. Fed. R.App. P. 4(a)(1)(A). However, certain postjudgment motions, including a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), may extend the time for filing an appeal. See Fed. R.App. P. 4(a)(4)(A)(iv). A motion for reconsideration of a district court’s judgment is *195 treated as a Rule 59(e) motion for purposes of Fed. R. App. P. 4(a)(4), regardless of the label applied to the motion, if it is made within the 28-day time limit for filing Rule 59(e) motions. Mangieri v. Clifton, 29 F.3d 1012, 1015 n. 5 (5th Cir.1994) (applying the former 10-day period for filing a motion under Rule 59(e)). A timely appeal from the denial of Rule 59 relief is treated as an appeal from “the underlying judgment when the intent to do so [is] clear.” In re Blast Energy Servs., Inc., 593 F.3d 418, 424 n. 3 (5th Cir.2010).
Although Hanna did not file a notice of appeal until nearly six months after entry of the October 21, 2011 judgment dismissing his § 1983 retaliation action, he filed the notice of appeal within 30 days of entry of the district court’s order disposing of his appeal to the district court of the magistrate judge’s decisions. If Hanna’s motion is construed as a Rule 59(e) motion, then his notice of appeal filed within 30 days of its final resolution is deemed timely-
Hanna’s pleadings at the district court were not models of precision, but we construe them liberally because he is proceeding pro se. See, e.g., United States v. Weathersby, 958 F.2d 65, 66 (5th Cir.1992) (construing a pro se motion improperly invoking 28 U.S.C. § 2241 as one instead invoking 28 U.S.C. § 2255); United States v. Santoro, 711 F.2d 41, 42 (5th Cir.1983) (“Mindful of the liberality accorded pro se filings, we therefore elect to construe San-tora’s ill-styled Rule 35 pleading as a request for relief under § 2255.”). However Hanna labeled his motion, it clearly evinced a desire for the court to reconsider its judgment, and it was filed within the 28-day time limit for filing Rule 59(e) motions.
In addition, this court has liberally construed postjudgment objections to a magistrate judge’s report as a motion capable of tolling the time for filing a notice of appeal. See United States v. Gallardo, 915 F.2d 149, 150 & n. 2 (5th Cir.1990) (construing objections to the report, filed in a criminal case after entry of the final judgment, as a motion for reconsideration that tolled the time for filing a notice of appeal until after entry of the court’s order disposing of the motion). As in Gallardo, the district court’s judgment herein “had already been entered” at the time Hanna filed his motion for an extension. Unlike in Gallardo, Hanna initially did not file his specific objections to the report, only a motion for an extension of time to file those objections. However, he later filed his specific objections, which the district court considered when it issued its final order on April 4, 2012. A district court has discretion to hear objections filed after the deadline, Rodriguez v. Bowen, 857 F.2d 275, 277 (5th Cir.1988), and the district court exercised that discretion here.
We find that Hanna timely filed what was, in substance, a motion for reconsideration under Rule 59(e) and that we possess jurisdiction to hear this appeal.
III.
This court conducts a de novo review of the time-bar dismissal of a § 1983 action. See Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir.2005). Federal courts look to federal law to ascertain when a § 1983 action accrues and the limitations period begins to run; however, “state law supplies the applicable limitations period and tolling provisions.” Harris v. Hegmann, 198 F.3d 153, 156-57 (5th Cir.1999). In Louisiana, the applicable limitations period is one year. See Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir.2002); La. Civ.Code Ann. Art. 3492.
Here, the parties do not dispute the applicable limitations period; rather, they *196 dispute when Hanna’s action accrued. In general, a § 1983 action does not accrue until a plaintiff “knows or has reason to know of the injury which is the basis of the action.” Harris, 198 F.3d at 157 (internal quotation marks and citation omitted). This general analysis is altered, however, when a plaintiffs § 1983 claim for damages stems from an allegedly unconstitutional disciplinary conviction. If a judgment in favor of a plaintiff would necessarily imply the invalidity of a disciplinary conviction or affect the duration of confinement, the accrual date of the claim is deferred or delayed until the conviction is overturned. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir.1998) (en banc) (applying Heck holding to a disciplinary conviction). The Heck doctrine is inapplicable, however, when a § 1983 action does not implicate the validity of a conviction or the duration of confinement. Muhammad v. Close, 540 U.S. 749, 751-52, 754-55, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).
When retaliation is alleged, an inmate need not show that a disciplinary conviction has been overturned. See Woods v. Smith, 60 F.3d 1161, 1164-65 (5th Cir.1995). A retaliation claim focuses not on the merits of the disciplinary proceeding but on the retaliatory “interference, asking only whether there has been an obstruction of the exercise of a constitutional right.” Id. at 1165. The “concern is whether there was retaliation for the exercise of a constitutional right, separate and apart from the apparent validity of the underlying disciplinary” conviction. Id.
As noted, the only remaining claim in this action following this court’s prior decision was Hanna’s retaliation claim. See Hanna, 415 FedAppx. at 535-37. At the time of the earlier appeal, the applicable limitations period was not at issue, see id. at 534-36, but it is now squarely before this court. We find that the district court correctly dismissed his lawsuit as time barred because Hanna filed the instant action in 2008, five years after the relevant disciplinary action in 2003.
IV.
Accordingly, we affirm.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.