EMILIO M. GARZA, Circuit Judge,
specially concurring:
I concur in the judgment, as it follows from the correct application of Woods v. Smith, 60 F.3d 1161 (5th Cir.1995). In Woods, we explained that § 1983 retaliation claims are not subject to a favorable termination requirement, since, according to the panel, such claims only allege retaliatory “interference” with a constitutional right, and do not challenge a disciplinary conviction on the merits. Woods, 60 F.3d at 1164-65. Here, Hanna’s remaining claim alleges that his disciplinary sanctions — ten days in isolation and the loss of 180 days of good-time credit — were retaliation for his exercising his constitutional right to refuse medical treatment. Hanna v. Maxwell, 415 Fed.Appx. 533, 535-36 (5th Cir.2011) (Hanna I). Accordingly, under Woods, reversal of Hanna’s disciplinary conviction was not a prerequisite to bringing his retaliation claim. The claim thus accrued in 2003 and is now time-barred.
I write separately to suggest that an en banc court reconsider Woods. Two years after Woods, the Supreme Court held in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), that a prisoner is barred from bringing a § 1983 procedural challenge that, if successful, would necessarily imply the invalidity of a disciplinary conviction resulting in the forfeiture of good-time credits, unless that conviction is first reversed. Id. at 646, 117 *197 S.Ct. 1584. In that case, prisoner Balisok alleged that the procedures used in his disciplinary proceeding violated his Fourteenth Amendment due process rights. He contended that he was not given any chance to put on a defense or call witnesses and that the hearing officer was biased. Balisok did not challenge the conviction as a substantive matter, and thus claimed that the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2864, 129 L.Ed.2d 388 (1994), did not bar his claim. Balisok, 520 U.S. at 643-47, 117 S.Ct. 1584. However, the Court concluded that Heck still applied because Balisok’s procedural challenge would, if successful, “necessarily imply the invalidity of the deprivation of his good-time credits,” given the gravity of the due process violations alleged. Balisok, 520 U.S. at 646, 117 S.Ct. 1584.[1]
Like Balisok’s due process claims, Hanna’s retaliation action, if successful, would necessarily imply the invalidity of a disciplinary conviction resulting in the forfeiture of good-time credits. Hanna challenges the sanctions resulting from his defiance conviction. Hanna I, 415 Fed. Appx. at 536. Crucially, these sanctions included the “deprivation of ... good-time credits.” Balisok, 520 U.S. at 646, 117 S.Ct. 1584.[2] Hanna’s claim thus falls squarely within the ambit of Heck and Balisok. Accordingly, as a matter of law, Hanna’s retaliation claim did not accrue until his disciplinary conviction was reversed,[3] and the lower court’s time-bar dismissal, while consistent with Woods, runs counter to the Supreme Court’s teaching in Heck and Balisok.
Woods and many subsequent decisions in this Circuit have established a broad exemption from Heck's favorable termination requirement: So long as a prisoner alleges retaliation for his exercise of constitutional rights, he can bring his claim immediately, even if the alleged retaliation consisted of a disciplinary conviction that deducted good-time credits.[4] By contrast, *198 the Supreme Court recognizes no distinction between challenges to retaliatory interference and those targeting disciplinary convictions themselves — between the impact and merits of a conviction.[5] Rather, the sole inquiry under Heck and Balisok is whether a successful claim would necessarily imply the invalidity of a conviction resulting in the loss of good-time credits. An en banc court should revisit Woods and resolve this conflict between our precedents and Supreme Court jurisprudence.

. The disciplinary conviction at issue in Woods did not result in a loss of good-time credit. Subsequently, however, the en banc court applied Woods to a retaliation claim that did involve such a conviction and held that Heck still did not apply. See Clarke v. Stalder, 154 F.3d 186, 187 (5th Cir.1998) (en banc) (reinstating panel’s analysis of retaliation claim in Part IV of Clarke v. Stalder, 121 F.3d 222, 231 (5th Cir.1997)).

. See USCA5 R. 10-11, 26-27 (complaint seeking damages for allegedly "wrongful, unconstitutional, prolonged and/or intensified incarceration” imposed pursuant to disciplinary conviction (emphasis added)). Hanna's ten days in isolation, standing alone, would not have triggered Heck, since the isolation was merely a change in the conditions, not the length, of his incarceration. Cf. Muhammad v. Close, 540 U.S. 749, 754-55, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (holding that Heck was inapplicable to prisoner’s claim alleging retaliatory prehearing lockup, because claim did not necessarily imply invalidity of conviction or of loss of good-time credits).

. The parties agree that when Heck bars a claim, the accrual date of an action is delayed until the favorable termination requirement is satisfied. See Wallace v. Kato, 549 U.S. 384, 393, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) ("[The Heck rule] delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn.”).

. In the wake of Clarke v. Stalder, supra n. 1, which applied Woods, our jurisprudence on the question of Heck’s applicability to retaliation claims has developed through conflicting unpublished opinions. Many opinions, in line with this panel’s and Clarke's reading of Woods, have held that § 1983 claims alleging retaliatory disciplinary action are categorically exempt from Heck. See, e.g., Lynn v. Cockrell, 86 Fed.Appx. 700 (5th Cir.2004) (unpublished); Kelly v. Sanders, 260 F.3d 622 (5th Cir.2001) (unpublished). Other opinions conclude that certain retaliation claims targeting the validity of disciplinary convictions are ifecfc-barred. See, e.g., Peterson v. Peshoff, *198 216 F.3d 1079 (5th Cir.2000) (unpublished) (applying Heck and Clarke to bar retaliation claim "to the extent that [the prisoner] seeks to challenge the disciplinary proceedings against him”); Hodges v. Frasier, 176 F.3d 479, 1999 WL 155667, at *3 (5th Cir.1999) (unpublished) (concluding that “substantive retaliation claims [alleging false disciplinary charges and due process violation, in addition to retaliatory motive] were properly dismissed under the rule in Heck " (emphasis added)). Still other unpublished opinions have distinguished between § 1983 claims alleging false disciplinary charges or due process violations in disciplinary proceedings, which are subject to Heck, and claims alleging retaliatory motive in bringing disciplinary charges, which are not. See, e.g., Digges v. Jeffcoat, 149 F.3d 1177 (5th Cir.1998) (unpublished) (holding that Heck barred claims attacking "false disciplinary charges,” but distinguishing these claims from "retaliation claim,” which was not subject to Heck); Sherman v. Quintanilla, 149 F.3d 1173 (5th Cir.1998) (unpublished) (same). In all of these cases, we have lost sight of the central inquiry of Heck and Balisok — whether a successful § 1983 claim would necessarily imply the invalidity of a conviction resulting in a sentence change or loss of good-time credits. Furthermore, even if we were to follow the above opinions and read Woods as saving only non-“substantive” retaliation claims from Heck, Hanna's claim was in fact substantive in nature. He alleged that the disciplinary charges against him were false and ungrounded — that "no written or established prison disciplinary rule ... prohibits [inmates] from refusing invasive medical treatment or from verbally threatening to sue prison officials....” USCA5 R. 15. To read Hanna’s claim as challenging solely the interference with his rights, without regard for the validity of the disciplinary conviction, would be a rather strained and artificial exercise.

. Cf. Muhammad, 540 U.S. at 752-55, 124 S.Ct. 1303 (holding that a § 1983 retaliation claim was not Heck-barred, not by virtue of its being a retaliation claim, but because the allegedly retaliatory disciplinary conviction resulted only in prehearing lock-up and not necessarily in the loss of good-time credits).