**REVISED December 10, 2013**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2013

Lyle W. Cayce
Clerk

No. 12-30399

MARK HANNA,

Plaintiff-Appellant,

v.

DELMER MAXWELL, JANE WOMACK, TIM WILKINSON, TODD THOMAS, MONA HYSE, LIONEL TELSEE, RICHARD STALDER, LINDA RAMSEY,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC. No. 1:09-CV-1230

Before DAVIS, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff Mark Hanna appeals from the dismissal of his retaliation claim under 42 U.S.C. § 1983 as time barred under the one-year statute of limitations applicable under Louisiana law.   For the reasons set forth below, we affirm.

I.

In 2008, Mark Hanna, Louisiana prisoner # 132872, filed a 42 U.S.C. § 1983 complaint against eight defendants, including corrections officers, wardens, and other officials with the Louisiana Department of Public Safety and Corrections (LDOC).   He sought damages for various claims, including allegations that, during a 2003 disciplinary hearing, he was wrongfully convicted of defiance in retaliation for refusing a medical procedure and threatening to sue prison officials.   As a result of this defiance conviction, Hanna served 10 days in isolation and forfeited 180 days of good time credit, which prolonged his sentence by 90 days.   His defiance conviction was later overturned based on insufficient evidence.

Before service of process on the defendants, the district court dismissed Hanna's § 1983 action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).   Hanna appealed, raising various arguments.   *See Hanna v. Maxwell*, 415 F. App'x 533, 534-37 (5th Cir. 2011).   This court affirmed in part, vacated in part, and remanded for further proceedings after concluding that Hanna had stated a retaliation claim.   *Id*. at 535-37.   With respect to Hanna's other arguments, the court found no error or abuse of discretion in the district court's decision.   *See id*. 535-37 nn.1, 3.   Thus, only Hanna's retaliation claim remained extant.

On remand, the magistrate judge issued a report on September 30, 2011 recommending dismissing Hanna's § 1983 retaliation claim as barred by the applicable statute of limitations.   Specifically, the magistrate judge found that Hanna's retaliation claim accrued in January 2003 when he was

No. 12-30399

disciplined and that the applicable statute of limitations under Louisiana law expired a year later in January 2004.    Hanna did not file timely objections to the report and recommendation, and on October 21, 2011, following the deadline for such objections, the district court issued a judgment concurring with the magistrate judge's report and dismissing Hanna's action with prejudice.

On November 14, 2011, 24 days after entry of the district court's judgment, Hanna filed a motion for an extension of time to file a response to the magistrate judge's report, asserting that a mailman had placed the report in a neighbor's mailbox, that he did not receive it until after the time for filing timely objections had passed, and that he disagreed with the magistrate judge's recommendation.    On December 13, 2011, Hanna filed another motion to extend the time for filing objections to the report.    On December 15, 2011, the magistrate judge issued an electronic order, without an attached document, declaring Hanna's postjudgment motions moot because the case had already been dismissed.

On January 10, 2012, Hanna filed his late objections to the magistrate judge's report.    On the same day, he appealed to the district court for review of the magistrate judge's denial of his requests for an extension of time to file the objections.    On February 9, 2012, Hanna filed a motion to expedite his appeal to the district court.    On February 10, 2012, the district court denied this motion, finding no exceptional circumstances which might warrant expedited consideration.    On March 29, 2012, Hanna filed a motion reurging his previously denied motion for an expedited appeal of the magistrate judge's decisions.

3

No. 12-30399

On April 5, 2012, the district court issued an Order addressing Hanna's reurged motion, in which it construed the motion as a motion for reconsideration and addressed the merits of Hanna's appeal of the magistrate judge's decisions.    The district court concluded: "There is no basis to reconsider our decision dismissing Plaintiff's claims, even taking into account Mr. Hanna's Objection to the Magistrate Judge's Report and Recommendation."    In denying the motion, the district court again observed that Hanna's retaliation claim under § 1983 was time barred.    The court additionally denied as moot Hanna's appeal from the magistrate judge's denial of his motion to extend.

On April 17, 2012, within 30 days from entry of this final order, Hanna filed a notice of appeal to this court.

## II.

As a threshold issue, this court must first examine the basis of its jurisdiction.    *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).    A timely "notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).    A notice of appeal in a civil action must be filed within 30 days of entry of the judgment from which the appeal is taken. FED. R. APP. P. 4(a)(1)(A).    However, certain postjudgment motions, including a motion to alter or amend the judgment under FED. R. CIV. P. 59(e), may extend the time for filing an appeal.    *See* Fed. R. App. P. 4(a)(4)(A)(iv).    A motion for reconsideration of a district court's judgment is treated as a Rule 59(e) motion for purposes of FED. R. APP. P. 4(a)(4), regardless of the label applied to the motion, if it is made within the 28-day time limit for filing Rule 59(e) motions.    *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994)

(applying the former 10-day period for filing a motion under Rule 59(e)).   A timely appeal from the denial of Rule 59 relief is treated as an appeal from "the underlying judgment when the intent to do so [is] clear."   *In re Blast Energy Servs., Inc.*, 593 F.3d 418, 424 n.3 (5th Cir. 2010).

Although Hanna did not file a notice of appeal until nearly six months after entry of the October 21, 2011 judgment dismissing his § 1983 retaliation action, he filed the notice of appeal within 30 days of entry of the district court's order disposing of his appeal to the district court of the magistrate judge's decisions.   If Hanna's motion is construed as a Rule 59(e) motion, then his notice of appeal filed within 30 days of its final resolution is deemed timely.

Hanna's pleadings at the district court were not models of precision, but we construe them liberally because he is proceeding *pro se.   See, e.g., United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992) (construing a *pro se* motion improperly invoking 28 U.S.C. § 2241 as one instead invoking 28 U.S.C. § 2255); *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983) ("Mindful of the liberality accorded *pro se* filings, we therefore elect to construe Santora's ill-styled Rule 35 pleading as a request for relief under § 2255.").    However Hanna labeled his motion, it clearly evinced a desire for the court to reconsider its judgment, and it was filed within the 28-day time limit for filing Rule 59(e) motions.

In addition, this court has liberally construed postjudgment objections to a magistrate judge's report as a motion capable of tolling the time for filing a notice of appeal.   *See United States v. Gallardo*, 915 F.2d 149, 150 & n.2 (5th Cir. 1990) (construing objections to the report, filed in a criminal case after entry of the final judgment, as a motion for reconsideration that tolled the time for filing a notice of appeal until after entry of the court's order disposing of the

motion).    As in *Gallardo*, the district court's judgment herein "had already been entered" at the time Hanna filed his motion for an extension.    Unlike in *Gallardo*, Hanna initially did not file his specific objections to the report, only a motion for an extension of time to file those objections.    However, he later filed his specific objections, which the district court considered when it issued its final order on April 4, 2012.    A district court has discretion to hear objections filed after the deadline, *Rodriguez v. Bowen*, 857 F.2d 275, 277 (5th Cir. 1988), and the district court exercised that discretion here.

We find that Hanna timely filed what was, in substance, a motion for reconsideration under Rule 59(e) and that we possess jurisdiction to hear this appeal.

III.

This court conducts a *de novo* review of the time-bar dismissal of a § 1983 action.    *See Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir. 2005).    Federal courts look to federal law to ascertain when a § 1983 action accrues and the limitations period begins to run; however, "state law supplies the applicable limitations period and tolling provisions."    *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999).    In Louisiana, the applicable limitations period is one year.    *See Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); LA. CIV. CODE ANN. ART. 3492.

Here, the parties do not dispute the applicable limitations period; rather, they dispute when Hanna's action accrued.    In general, a § 1983 action does not accrue until a plaintiff "knows or has reason to know of the injury which is the basis of the action."    *Harris*, 198 F.3d at 157 (internal quotation marks and citation omitted).    This general analysis is altered, however, when a

plaintiff's § 1983 claim for damages stems from an allegedly unconstitutional disciplinary conviction.   If a judgment in favor of a plaintiff would necessarily imply the invalidity of a disciplinary conviction or affect the duration of confinement, the accrual date of the claim is deferred or delayed until the conviction is overturned.   *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (applying *Heck* holding to a disciplinary conviction).   The *Heck* doctrine is inapplicable, however, when a § 1983 action does not implicate the validity of a conviction or the duration of confinement.   *Muhammad v. Close*, 540 U.S. 749, 751-52, 754-55 (2004).

When retaliation is alleged, an inmate need not show that a disciplinary conviction has been overturned.   *See Woods v. Smith*, 60 F.3d 1161, 1164-65 (5th Cir. 1995).   A retaliation claim focuses not on the merits of the disciplinary proceeding but on the retaliatory "interference, asking only whether there has been an obstruction of the exercise of a constitutional right." *Id.* at 1165.   The "concern is whether there was retaliation for the exercise of a constitutional right, separate and apart from the apparent validity of the underlying disciplinary" conviction.   *Id.*

As noted, the only remaining claim in this action following this court's prior decision was Hanna's retaliation claim.   *See Hanna*, 415 F. App'x at 535-37.   At the time of the earlier appeal, the applicable limitations period was not at issue, *see id.* at 534-36, but it is now squarely before this court.   We find that the district court correctly dismissed his lawsuit as time barred because Hanna filed the instant action in 2008, five years after the relevant disciplinary action in 2003.

No. 12-30399

IV.

Accordingly, we affirm.

No. 12-30399

EMILIO M. GARZA, Circuit Judge, specially concurring:

I concur in the judgment, as it follows from the correct application of *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995). In *Woods*, we explained that § 1983 retaliation claims are not subject to a favorable termination requirement, since, according to the panel, such claims only allege retaliatory "interference" with a constitutional right, and do not challenge a disciplinary conviction on the merits. *Woods*, 60 F.3d at 1164–65. Here, Hanna's remaining claim alleges that his disciplinary sanctions—ten days in isolation and the loss of 180 days of good-time credit—were retaliation for his exercising his constitutional right to refuse medical treatment. *Hanna v. Maxwell*, 415 F. App'x 533, 535–36 (5th Cir. 2011) (*Hanna I*). Accordingly, under *Woods*, reversal of Hanna's disciplinary conviction was not a prerequisite to bringing his retaliation claim. The claim thus accrued in 2003 and is now time-barred.

I write separately to suggest that an en banc court reconsider *Woods*. Two years after *Woods*, the Supreme Court held in *Edwards v. Balisok*, 520 U.S. 641 (1997), that a prisoner is barred from bringing a § 1983 procedural challenge that, if successful, would necessarily imply the invalidity of a disciplinary conviction resulting in the forfeiture of good-time credits, unless that conviction is first reversed. *Id.* at 646. In that case, prisoner Balisok alleged that the procedures used in his disciplinary proceeding violated his Fourteenth Amendment due process rights. He contended that he was not given any chance to put on a defense or call witnesses and that the hearing officer was biased. Balisok did not challenge the conviction as a substantive matter, and thus claimed that the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994), did not bar his claim. *Balisok*, 520 U.S. at

9

No. 12-30399

643–47.    However, the Court concluded that *Heck* still applied because Balisok's procedural challenge would, if successful, "necessarily imply the invalidity of the deprivation of his good-time credits," given the gravity of the due process violations alleged.    *Balisok*, 520 U.S. at 646.[1]

Like Balisok's due process claims, Hanna's retaliation action, if successful, would necessarily imply the invalidity of a disciplinary conviction resulting in the forfeiture of good-time credits.    Hanna challenges the sanctions resulting from his defiance conviction.    *Hanna I*, 415 F. App'x at 536.    Crucially, these sanctions included the "deprivation of . . . good-time credits."    *Balisok*, 520 U.S. at 646.[2]    Hanna's claim thus falls squarely within the ambit of *Heck* and *Balisok*.    Accordingly, as a matter of law, Hanna's retaliation claim did not accrue until his disciplinary conviction was reversed,[3] and the lower court's time-bar dismissal, while consistent with *Woods*, runs counter to the Supreme Court's teaching in *Heck* and *Balisok*.

*Woods* and many subsequent decisions in this Circuit have established a

---

[1] The disciplinary conviction at issue in *Woods* did not result in a loss of good-time credit. Subsequently, however, the en banc court applied *Woods* to a retaliation claim that did involve such a conviction and held that *Heck* still did not apply.    *See Clarke v. Stalder*, 154 F.3d 186, 187 (5th Cir. 1998) (en banc) (reinstating panel's analysis of retaliation claim in Part IV of *Clarke v. Stalder*, 121 F.3d 222, 231 (5th Cir. 1997)).

[2] *See* USCA5 R. 10–11, 26–27 (complaint seeking damages for allegedly "wrongful, unconstitutional, *prolonged* and/or intensified incarceration" imposed pursuant to disciplinary conviction (emphasis added)).    Hanna's ten days in isolation, standing alone, would not have triggered *Heck*, since the isolation was merely a change in the conditions, not the length, of his incarceration.    *Cf. Muhammad v. Close*, 540 U.S. 749, 754–55 (2004) (holding that *Heck* was inapplicable to prisoner's claim alleging retaliatory prehearing lock-up, because claim did not necessarily imply invalidity of conviction or of loss of good-time credits).

[3] The parties agree that when *Heck* bars a claim, the accrual date of an action is delayed until the favorable termination requirement is satisfied.    *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) ("[The *Heck* rule] delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn.").

10

No. 12-30399

broad exemption from *Heck*'s favorable termination requirement: So long as a prisoner alleges retaliation for his exercise of constitutional rights, he can bring his claim immediately, even if the alleged retaliation consisted of a disciplinary conviction that deducted good-time credits.[4]   By contrast, the Supreme Court recognizes no distinction between challenges to retaliatory interference and those targeting disciplinary convictions themselves—between the impact and merits of a conviction.[5]   Rather, the sole inquiry under *Heck*

---

[4] In the wake of *Clarke v. Stalder*, *supra* n.1, which applied *Woods*, our jurisprudence on the question of *Heck*'s applicability to retaliation claims has developed through conflicting unpublished opinions.   Many opinions, in line with this panel's and *Clarke*'s reading of *Woods*, have held that § 1983 claims alleging retaliatory disciplinary action are categorically exempt from *Heck*.   *See, e.g.*, *Lynn v. Cockrell*, 86 F. App'x 700 (5th Cir. 2004) (unpublished); *Kelly v. Sanders*, 260 F.3d 622 (5th Cir. 2001) (unpublished).   Other opinions conclude that certain retaliation claims targeting the validity of disciplinary convictions are *Heck*-barred.   *See, e.g.*, *Peterson v. Peshoff*, 216 F.3d 1079 (5th Cir. 2000) (unpublished) (applying *Heck* and *Clarke* to bar retaliation claim "to the extent that [the prisoner] seeks to challenge the disciplinary proceedings against him"); *Hodges v. Frasier*, 176 F.3d 479, at *3 (5th Cir. 1999) (unpublished) (concluding that "*substantive* retaliation claims [alleging false disciplinary charges and due process violation, in addition to retaliatory motive] were properly dismissed under the rule in *Heck*" (emphasis added)). Still other unpublished opinions have distinguished between § 1983 claims alleging false disciplinary charges or due process violations in disciplinary proceedings, which are subject to *Heck*, and claims alleging retaliatory motive in bringing disciplinary charges, which are not.   *See, e.g.*, *Digges v. Jeffcoat*, 149 F.3d 1177 (5th Cir. 1998) (unpublished) (holding that *Heck* barred claims attacking "false disciplinary charges," but distinguishing these claims from "retaliation claim," which was not subject to *Heck*); *Sherman v. Quintanilla*, 149 F.3d 1173 (5th Cir. 1998) (unpublished) (same).   In all of these cases, we have lost sight of the central inquiry of *Heck* and *Balisok*—whether a successful § 1983 claim would necessarily imply the invalidity of a conviction resulting in a sentence change or loss of good-time credits.   Furthermore, even if we were to follow the above opinions and read *Woods* as saving only non-"substantive" retaliation claims from *Heck*, Hanna's claim was in fact substantive in nature.   He alleged that the disciplinary charges against him were false and ungrounded—that "no written or established prison disciplinary rule . . . prohibits [inmates] from refusing invasive medical treatment or from verbally threatening to sue prison officials . . . ."   USCA5 R. 15.   To read Hanna's claim as challenging solely the interference with his rights, without regard for the validity of the disciplinary conviction, would be a rather strained and artificial exercise.

[5] *Cf. Muhammad*, 540 U.S. at 752–55 (holding that a § 1983 retaliation claim was not *Heck*-barred, not by virtue of its being a retaliation claim, but because the allegedly

11

No. 12-30399

and *Balisok* is whether a successful claim would necessarily imply the invalidity of a conviction resulting in the loss of good-time credits.   An en banc court should revisit *Woods* and resolve this conflict between our precedents and Supreme Court jurisprudence.

---

retaliatory disciplinary conviction resulted only in prehearing lock-up and not necessarily in the loss of good-time credits).